Law and Others *v.* The Madison, Smyrna, and Graham Turnpike Company.

LAW and Others *v.* THE MADISON, SMYRNA, AND GRAHAM TURNPIKE COMPANY.

| 30 | 77 |
| 145 | 250 |
| 147 | 491 |
| 30 | 77 |
| 154 | 479 |
| 155 | 244 |
| 30 | 77 |
| 163 | 606 |

ASSESSMENT.—TAXATION.——*Constitutional Law.*—The Constitution of our State recognizes a distinction between taxation for general purposes and assessments for improvements resulting in special benefit to property.

SAME.—*Limit of.*—The only limit upon the legislative exercise of this power of assessment in any given case is, that the subject matter for which the assessment is made shall result in local benefit to property within some special district, as distinguished from a more general good accruing to the people as citizens, and that the assessment shall be uniform and equal upon all property receiving special benefit.

SAME.—*Streets.—Highways.*—Streets and highways are both equally proper subjects for the application of the principle of assessment.

SAME.—*Gravel Road Law.*—The provisions of the act of March 11th, 1867 (Acts 1867, p. 167), authorizing the assessment, to the extent of the benefits received, of all lands within one and one-half miles on either side, or within the like distance of the terminus of any plank, macadamized, or gravel road, organized under "an act authorizing the construction of plank, macadamized, and gravel roads," approved May 12th, 1852, are not in conflict with section 1 of article 10 of our constitution, nor with that part of section 22, article 4, which prohibits the General Assembly from passing local or special laws for the assessment and collection of taxes for state, county, township, or road purposes.

Law and Others *v.* The Madison, Smyrna, and Graham Turnpike Company.

SAME.—*Toll.*—That a toll is exacted, to maintain the expenses of the high-
way and make it a free public road in time, does not render the law
invalid.

APPEAL from the Jefferson Circuit Court.

RAY, C. J.—The appellants filed their complaint, averring
that they are the owners of real estate within one and one-
half miles of either side and of the terminus of the appel-
lee's road, the said appellee being a corporation organized
under the act of 1852, authorizing the construction of plank,
macadamized, and gravel roads. 1 G. & H. 474. It is alleged
that the appellee has procured the Board of County Com-
missioners of Jefferson county to make an assessment of
the benefits to accrue from the construction of said road to
the said real estate so situate, belonging to the appellants,
and that the auditor of said county is proceeding to place
the amount so assessed upon the tax duplicate for the year
1867, to be collected as other taxes. An injunction is
prayed against the appellee and the auditor and treasurer
of said county. Issues were formed, a trial was had, and
there was a special finding by the court for the appellee.

The point presented by the record for our consideration,
is the legality of the assessment upon the real estate for
the purpose of the construction and completion of the road.
This assessment is made under the authority of an act au-
thorizing the assessment to the extent of the benefit re-
ceived, of all lands within one and one-half miles on either
side, or within one and one-half miles of the terminus of
any plank, macadamized, or gravel road, organized under
the said act of 1852. Acts of 1867, p. 167.

It is objected that this mode of requiring the payment
of money is in conflict with that part of section twenty-
two, article four, of our State Constitution, which prohibits
the General Assembly from passing local or special laws for
the assessment and collection of taxes for state, county,
township, or road purposes.

It is also insisted that it comes in conflict with the first
section of article ten of the Constitution, which reads as
follows:—"The General Assembly shall provide by law for

a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal," &c.

In the case of *Palmer* v. *Stumph*, at the May term of this court, we examined the question as to the constitutional power of the legislature to provide for the construction and improvement of the streets in cities, by assessing upon adjoining property so much of the benefits which should result to such property as might be required to defray the expense of such improvement.

We found in what seemed to us a fair and reasonable construction of the language of the instrument which can alone limit the legislative power, ample authority for this method of requiring each piece of property which receives a peculiar and special benefit from such a work of improvement to contribute toward the expense incurred at least some portion of its enhanced value. The only limit, it seemed to us, upon the exercise of this power in any given case was, that the rate of assessment should be uniform and equal upon all property receiving special benefit; that is, an advantage from the improvement not enjoyed by the owners of all other property. This of course requires that the subject matter for which the assessment is made shall result in local benefit to property within some special district of country, and that among the motives which prompt the improvement, this special benefit is not lost sight of in the more general and larger good resulting to the people as citizens and entitled to the general care and protection of the law making power in common.

To aid us in the construction we placed upon the provision we have cited from our organic law, we looked indeed to the general course of legislation as it existed on such subjects before, at the date of, and subsequent to, the adoption of that controlling law. From that examination we found that the rule charging upon property receiving special benefit from any authorized local improvement the ex-

penses attending such work, had been long and constantly recognized and indeed almost unchallenged in this State. Such a continued course of legislative action certainly strengthened us in the conviction that the convention which formed the constitution under which we are now acting intended to recognize a distinction between the general power of taxation for purposes in which, as citizens or inhabitants of either the state or smaller territorial divisions, all are generally interested, and assessments for improvements resulting in a special benefit to property, and therefore reasonably and justly chargeable with the expenses thereof. The right to appropriate private property to a public use, to take for a highway a strip of land, springs from the right of eminent domain; the power to assess upon the adjoining property benefited by such highway being made the expense of its construction, rests in the power and right of the state to tax; but a constitutional convention may require that general taxation shall be upon a just valuation of all property both real and personal, and may also authorize the assessment at a uniform and equal rate of the expenses of any improvement upon the property benefitted. They have the power to impose conditions upon the legislature in the one case not enjoined in the other, although the foundation of each power rests in the inherent power of a government of the people to tax the people for its support.

Having determined from a construction of the constitution itself, and found support in legislative action for the construction adopted, a majority of the members of this court have not felt that it was proper to determine from the legislative exercise of a power given by the constitution, the limitation of the power, or the proper subjects which should call it into exercise. Indeed, we would feel still more reluctant to impose such a limitation upon a present existing statute simply because no prior legislative assembly had ever regarded it as expedient to exercise this power as applied to a given subject matter. Having found the power in the constitution, we should rather be expected to

look to precedent authority and the reason for the rule, and thus determine the proper limit for its legislative exercise. Streets and highways may be constructed by taxation, as distinguished from an assessment, but they both seem equally proper subjects for the application of the principle of assessment, on the ground of local benefit to property. They are constructed along the line or through the lands of a proprietor; they become a part of the improvement, or betterment, of the land itself; they are outlets required for its full enjoyment and use.

The application of this rule of assessment had been made to highways as early as 1691 in the county of Ulster, in the colony of New York (Bradf. Laws, 45). In that State it has been applied to highways, turnpikes, and the draining of marshes. In January, 1846, an act was passed in Ohio "to lay out and establish a free turnpike road from the town of Perrysburg to the north line of Wood county;" and the policy was adopted of constructing such roads in the north-western portion of that neighboring state, through the medium of corporations created for that purpose, and authorizing the assessment for their construction of a special tax upon lands situate within a given distance of the proposed road.

The application of the doctrine of assessments to the building of turnpikes through the medium of corporations was sustained in *Reeves* v. *Treasurer*, 8 Ohio St. 333. In *State* v. *City of New Brunswick*, 30 N. J. Law, 395, it was held that the city authorities, if in their judgment the health, comfort, convenience, or prosperity of the city requires it, may order a turnpike coming into a city to be graded and paved at the expense of the owners of lots fronting upon it. In the case of *Livingston* v. *The Mayor, &c.*, 8 Wend. 85, the Chancellor used this language:—"It is a well settled principle, that where any particular county, district, or neighborhood is exclusively benefitted by a public improvement, the inhabitants of that district may be taxed

for the whole expense of the improvement, and in propor-
tion to the supposed benefit received by each."

An act of the legislature of Pennsylvania authorized
viewers to take into consideration the advantages of laying
out a highway to land owners, and to assess the property
benefited for the benefit of other property injured.

In *Nichols* v. *Bridgeport*, 23 Conn. 189, it is said by HIN-
MAN, J., "most of our highways are laid out by the
selectmen of the towns, and the expense is borne by the
town in which the highway is located, though in regard to
many of them, the inhabitants of the towns have a much
less interest than the public beyond the local limits of the
town. * * * But the towns bear the burden, because
the legislature has thrown it upon them. It might, with the
same propriety, have thrown it upon the counties, or even
upon the lesser territorial corporations." He holds that
although there may be occasional hardships, yet no more
equitable system has been devised, and is of opinion that
these principles are deducible from the acknowledged right
of the public, in taking land for a highway, to consider the
benefit accruing to the owner as a set-off to his claim for
compensation in whole or in part.

In Mississippi a statute in regard to levees on the river
authorized a uniform tax, not exceeding ten cents per acre,
upon all lands lying on or within ten miles of the river.
The law was sustained. *Williams* v. *Cummack*, 27 Miss.
209.

There are other authorities to which we might refer, but
we regard the precedents in such full accord with the rea-
son of the rule that we do not consider the subject as requir-
ing any further discussion.

That the law is not special or local was determined in
effect in *Palmer* v. *Stumph, supra.*

That a toll is exacted,to maintain the expenses of the high-
way and to render it a free public road in time, does not
render the law invalid. In *Chagrin Falls, &c. Plank Road
Co.* v. *Cane*, 2 Ohio St. 419, the highway was taken by the

corporation without compensation to the owners of the fee, and the public easement in the land is said to be acquired for a definite purpose, and the use by the plank road company is held to be the same, the difference being only in the mode of levying the tax for construction and keeping in repair. Such is the general doctrine as to turnpike companies. Angell on Highways, § 91 *a*.

The judgment must be affirmed, with costs.

FRAZER, J., dissents.

*C. E. Walker, McDonald, Roache & McDonald, Perkins & Jordan, R. B. & J. S. Duncan, N. B. Taylor, Gavin & Gryden, Claypool & Matsons,* and *J. Morrison,* for appellants.

*Hendricks, Hord & Hendricks, Allison & Freidly,* and *Harrington & Korbly,* for appellee.

