THE CENTER AND WARREN GRAVEL ROAD Co. and Another *v.* BLACK and Others.

GRAVEL ROAD.—*Assessments.*—*Tax Duplicate.*—The auditor of state is the proper person to direct the manner in which assessments for plank, macadamized, and gravel roads, under the act of March 11th, 1867, should be added to the tax duplicate as directed by section three of that act; and this addition may, under his direction, consist of a separate volume, or paper, with the precept of the county auditor attached thereto.

INJUNCTION.—*Taxes and Assessments.*—Injunction will not lie to restrain the collection of taxes or assessments on account of informality or irregularity in placing the same upon the duplicate, or in the conduct of the officers employed in their collection, where such taxes or assessments are authorized and directed by law.

APPEAL from the Marion Circuit Court.

RAY, J.—Washington Black and others filed their complaint against Arthur L. Wright, treasurer of Marion county, and The Center and Warren Gravel Road Company, alleging that the plaintiffs are severally owners of separate parcels of land in Marion county, in the vicinity of The Center and Warren Gravel Road; that said gravel road company, under the act of March 11th, 1867, authorizing assessments of land within one and one-half miles on either side of a gravel road organized under an act authorizing the construction of gravel roads, approved May 12th, 1852, had three commissioners appointed for the purpose of making assessments upon all the lands within the limits prescribed; that the plaintiffs were severally assessed the respective sums set out in the complaint upon lands situated within said limits of said gravel road; and they say these assessments were illegal, because,

1st. The law is too indefinite to be fairly executed.

2d. Because the law requires the auditor to put upon the duplicate of each year, commencing with the year in which such assessment is made, one-third of the whole amount of such assessment; which, when so put upon the duplicate, shall be a lien upon the land. And it is then added, as a part of the second reason, that the auditor did not put

one-third of their respective assessments on the duplicate for the year the assessments were made, and, therefore, the treasurer could not collect the same, nor could it be deemed a lien; but that the treasurer has in his possession a book separate from the tax duplicate, in which said assessments are entered; that he claims that such book forms part of the tax duplicate; and that he threatens to collect the said assessments according to law. There is a prayer for an injunction restraining the collection of the tax.

A demurrer was overruled to this petition, and the defendants answered, that the county auditor, in making out the duplicate of the county and placing the gravel road assessments thereon, acted under the authority of the auditor of state; and the answer set forth a copy of a circular issued from the office of such officer, in these words:

"To county auditors. In view of the fact that gravel road taxes are collected and disbursed in a manner entirely different from the ordinary taxes upon the duplicate, you are hereby instructed to make a different and separate duplicate, upon which gravel road taxes shall be placed.

"Yours respectfully,

"T. B. McCARTY, Auditor of State."

And the answer avers, that the county auditor made out the duplicate for the collection of gravel road assessments in a separate volume and delivered the same in due time to the treasurer of the county, with his precept for the collection of the same; and so they say that said assessments are properly placed in the duplicate of taxes of Marion county. A demurrer was sustained to this answer and judgment was rendered restraining the collection of the tax.

In determining the correctness of this ruling, it will be necessary to examine the statutory provisions upon this subject. The third section of the act of March 11th, 1867 (Acts 1867, p. 168), authorizing the assessment of lands within one and one-half miles of the line and terminus of any plank, macamized, or gravel road, requires that the county auditor "shall put upon the tax duplicate of each

year, commencing with the year in which such assessment is made, one-third of the whole amount of such assessment, which amount, when so put upon the tax duplicate, shall constitute a lien on such land so assessed, until paid, and such auditor shall continue the same from year to year till the whole assessment has been put on such duplicate and collected."

The seventy-fifth section of the act of June 21st, 1852, providing for the valuation and assessment of the real and personal property, and the collection of taxes in the State of Indiana (1 G. & H. 93), provides, that "the auditor of each county shall, annually, between the first Monday of June and the 15th of October, make out a duplicate list of taxes assessed in each county, according to the forms which shall be furnished by the auditor of state; and in so doing, he shall enter in separate columns, first, all lands in each civil township, with the names of the owners in alphabetical order, the value of the land without improvements, and opposite to this, the value of the improvements; and opposite to this, the value of such land with improvements," &c.

It was held in *Law* v. *The Madison, &c., Turnpike Co.,* 30 Ind. 77, that our State Constitution recognizes a distinction between taxation for general purposes and assessments for improvements resulting in special benefit to particular property. The provision of the statute we have cited, controlling the form of the duplicate, refers to general taxes assessed for public purposes, and it requires that they shall be carried out into a column of totals. But the assessment in question in this case is for local benefit to the land charged, and is to be paid over to the company conferring the benefit; and the amount should not be carried into this grand total, which includes alone what are properly called taxes, as distinguished for assessments for local and special purposes.

When, therefore, such assessments are by a subsequent law required to be entered upon the tax duplicate, no special

form being prescribed, the auditor of state is the proper person to direct the manner in which such addition shall be made. Nor is it of any moment that this addition to the tax duplicate consists of a separate volume, or paper. It becomes part of the duplicate by its adoption as such and the precept of the auditor attached thereto authorizing the collection of the sums stated therein from the persons named and whose property is assessed and described.

Nor do we intend to be understood as recognizing a power in a court of equity to restain by her special writ the the collection of taxes or assessments on account of some informality or irregularity in placing the same upon the duplicate or in the conduct of the officers employed in the collection of the public or local burden, where such burden is authorized and directed by law. Where the defect is in the law itself, the court can thus interfere; but where the law authorizes the tax and, therefore, in equity it is owing from the party charged, it would be difficult to assign a plausible reason for equitable relief when the debtor stands upon his legal rights alone. It would seem that he should in such case be content with his legal remedy. This distinction, we believe, has been observed in our reports. But the point is not of importance in this case, as we feel clear that for the reasons already given, as the assessment was properly on the duplicate, the demurrer to the answer should have been overruled.

Judgment reversed, with costs, and cause remanded for further proceedings in accordance with this opinion.

*L. Barbour* and *C. P. Jacobs*, for appellant.

*W. Wallace*, for appellees.