. 512    SUPREME COURT OF INDIANA,

The Lake Shore and Michigan Southern Railway Co. v. Smith, Treasurer.

---

## No. 15,212.

## THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY v. SMITH, TREASURER.

RAILROAD.—*Appropriation to Aid.—County Commissioners.—Change of Township Boundaries.—Transfer of Property Thereby.—Liability of for Appropriation.—Tax Levy.—Notice.*—The board of commissioners of a county, at the June session, 1882, ordered that a tax be levied upon all the taxable property within a certain township in said county, to aid in the construction of a proposed railroad, an election held in said township having resulted in favor of such an appropriation. At the time said tax was ordered to be levied, all of the appellant's property in said county was situated and assessed for taxes in a township which had voted against an appropriation for said railroad. The board of commissioners, in March, 1883, changed the boundaries of said township, and by such change the property of the appellant in said county was transferred to the township which had voted in favor of the appropriation.

Held, that the property of the appellant so transferred after the order for the levy was made but before the tax was in fact levied, was liable for its proportion of the same.

Held, also, that no notice is required of the levying of a tax authorized or directed by law.

SAME.—*Appeal from Order of Board.*—An appeal from the order of a board

The Lake Shore and Michigan Southern Railway Co. *v.* Smith, Treasurer.

of county commissioners levying a tax in aid of a railroad, goes to the circuit court for trial as an original cause, and vacates the order of the board, and the judgment of the circuit court ordering the levy, which judgment was rendered after the change of boundaries, would make the appellant's property liable for its proportion of the tax.

SAME.— *When Levy Should be Made.—Right to Make After Time Fixed.*— Though the law requires the levy to be made at the June session of the board of county commissioners next after the rate, the duty to make it is absolute, and the power to make it is not lost by a failure to exercise it at the right time.

TAXES.—*Change of Boundaries. — New Property.*—When the territorial boundary of a body politic, or corporation, is extended so as to include new and additional property, such property is thereby subjected to taxation in like manner, and to the same extent as the property previously included within the corporation, and this is so even though such taxation be for the purpose of paying pre-existing debts of the corporation.

COUNTY COMMISSIONERS.—*Change of Township Boundaries.—Collateral Attack.* —The board of commissioners of a county are authorized to make such alteration in the boundaries of townships as they may deem proper, and their action in doing so, unless shown to be absolutely void, can not be attacked collaterally. *Alvis* v. *Whitney*, 43 Ind. 83, distinguished. McBRIDE, J., dissents.

From the Lake Circuit Court.

*J. H. Baker, G. C. Greene* and *O. G. Getzendanner,* for appellant.

*R. C. Bell* and *S. R. Morris,* for appellee.

OLDS, J.—The appellant, the Lake Shore and Michigan Southern Railway Company, brought this suit against one John P. Merrill, as treasurer of Lake county, Indiana, to restrain the collection of a tax in aid of the construction of a railroad.

The appellee, Charles C. Smith, successor in office of Merrill, was afterwards, by order of the court, substituted as defendant.

It appears from the record that twenty-five freeholders of Hobart township, in Lake county, presented to the board of commissioners of said county, on the 19th day of April, 1881,

VOL. 131.—33

their petition asking that an appropriation of ten thousand dollars might be made to aid the New York and Chicago Railway Company, or its successors by consolidation, a corporation duly organized under the laws of the State of Indiana, to construct its railroad in and through said Hobart township; that an election was ordered and duly held on May 30th, 1881, which resulted in favor of such appropriation; that at the June session, 1882, the board of commissioners of said county ordered that a tax of one per centum of the valuation be levied upon all taxable property within said township of Hobart; that up to and at the time said tax was levied, the appellant's railroad, and all of its property situate in said county and liable for taxation in said county, was situate in North township in said county, and was assessed for taxes in June, 1882, in said North township; that there was also an election held in North township to pass upon the question of appropriating a sum of money to aid in the construction of said proposed railroad, and the majority vote was against such appropriation.

The board of commissioners of said county, at the March session, 1883, changed the boundaries of said townships of Hobart and North, by attaching a strip off the west side of said Hobart township to another township, and by taking from North township a strip lying north of Hobart township and attaching it to said Hobart township, and the property of the appellant was situated in that portion of North township which was taken from North township and attached to Hobart township.

The appellant filed its complaint in this cause, alleging the foregoing facts, and filing copies of the several orders of the board of commissioners referred to, and alleging that in 1884 the auditor of said county, without any authority of law, in making up the tax duplicate, extended and placed thereon a tax of one per centum upon all the valuation of all of the taxable property then owned by the appellant, and duly delivered the tax duplicate to the treasurer of the county, who,

The Lake Shore and Michigan Southern Railway Co. v. Smith, Treasurer.

unless restrained, will proceed to collect by distress and sale of appellant's property said tax so illegally levied.

It is averred that appellant has paid all of its legal taxes, and that one member of the board of commissioners was at the time of the change in township boundaries a resident of the territory taken from Hobart township.

The answer admits the allegations of the complaint, but avers that certain resident freeholders of Hobart township appeared before the Board of Commissioners at the June session, 1882, and filed their remonstrance to the levying of said tax ; that the remonstrance was overruled and the tax levied, and they filed their appeal bond and duly appealed said cause to the circuit court, where final judgment was rendered in October, 1883, dismissing the remonstrance and against the remonstrators for costs, and they again took an appeal to the Supreme Court and the judgment was affirmed, being the case of *Jussen* v. *Board, etc.*, 95 Ind. 567. It is further alleged that on June 7, 1884, after the disposition of said cause in the Supreme Court, the said Board of Commissioners made an order ordering said tax levied and collected ; that afterwards, in August, 1884, the New York, Chicago and St. Louis Railway Company filed their complaint in the Lake Circuit Court against all the persons who were plaintiffs in the original case of the said *Valentine Burke* v. *Board, etc.*, being the same case as *Jussen* v. *Board, etc., supra,* praying the court to correct a mistake made by the clerk of the Lake Circuit Court in entering and writing up the order of said court in the original case hereinbefore referred to ; that all of the said defendants to said cause appeared in the Lake Circuit Court, and such proceedings were had in said court that on the final hearing of said cause it was adjudged and decreed that said original order should be and was amended " now for then," so that it was made to read according to the decree of said court referring to and making a copy of the decree so entered, marked Exhibit " F," a part of the answer, which exhibit shows a finding of all the facts, the filing of the petition,

the vote taken and canvassed, resulting in favor of the tax, and the appeal, and the court levied the tax of $10,000 on the property of Hobart township, and ordered the county auditor to place the same upon the duplicate and the treasurer to collect the same.

It is further averred that at the June session, 1881, of said board of commissioners, on motion of the New York Central and St. Louis Railway Company, it was ordered that the balance appropriated and remaining unpaid should be levied and collected from the taxable property of the inhabitants of said Hobart township, sufficient to make the sum of ten thousand dollars. Copies of the various orders are set out and referred to as exhibits, both with the complaint and the answer.

A demurrer was addressed to the answer and overruled, and exceptions reserved.

A reply was filed to the answer, to which a demurrer was addressed and sustained, to which ruling the appellants at the time excepted.

Errors are assigned on the rulings of the court in overruling the demurrer to the answer, and sustaining the demurrer to the reply.

We need not set out the reply, as both rulings present the same question.

All technical objections to the answer, on account of failure to aver the substance and legal effect of the exhibits set out, are waived, and it is agreed that the answer should be treated as containing the proper averments, and the exhibits treated as a part of the answer.

Disregarding any technical defects in the pleadings, the question presented is as to whether or not the property of the appellant is liable for its proportion of the aid voted by Hobart township. The board of commissioners of Lake county, after the voting of the appropriation by said township, by their action in changing the township boundaries, placed a portion of the property of the appellant theretofore located

The Lake Shore and Michigan Southern Railway Co. *v.* Smith, Treasurer.

in North township into and made it a part of Hobart township, such change having been made before the tax was levied upon the property of the township to raise the amount voted in aid of the proposed railroad.

A petition was filed by a proper number of freeholders of Hobart township, asking an election. The election was ordered and held on May 30th, 1881, resulting in favor of an appropriation of ten thousand dollars to aid the New York and Chicago Railway Company, or its successors by consolidation, to construct its railroad in and through said Hobart township. At a proper meeting of the board of commissioners thereafter held, in January, 1882, before any changes in the boundary lines of said township were made, said board ordered that a tax of one per centum of the valuation be levied upon all the taxable property within said township. At the said June session, 1882, of the board of commissioners, a remonstrance was filed to the levying of said tax, and an appeal prosecuted to the circuit court. While the cause was still pending in the circuit court, the board of commissioners, at their March session, 1883, changed the boundaries of said Hobart township, cutting off a strip from the west side of said township and attaching it to another, and cutting off from North township a strip lying north of Hobart township and attaching the same to Hobart. Situate in the strip taken from North and attached to Hobart is the property of appellants. The record shows the cause appealed to the circuit court to have been finally disposed of in said court in October, 1883, and the court levied the tax of ten thousand dollars upon the taxable property of said township and ordered the county auditor to place the same upon the tax duplicate, and that the treasurer proceed to collect the same. After final judgment in the circuit court the board of commissioners ordered that in accordance with the order of the Lake Circuit Court, as affirmed by the Supreme Court, the proper county officers proceed to collect the taxes heretofore appropriated by Hobart township.

The appeal taken from the order of the board levying the tax at its June session, 1882, vacated the order of the board, and the matter was transferred to the circuit court for determination *de novo*.

As held in the case of *Gavin* v. *Board, etc.*, 81 Ind. 480, the case was transferred to the circuit court for trial as an original cause, and, as appears from the record, the final judgment as entered by the circuit court made the levy of ten thousand dollars on the taxable property of said Hobart township, and ordered it extended on the tax duplicate by the county auditor, and collected by the treasurer. This was done in October, 1883, after the appellant's property had become a part of the taxable property of said township.

It is suggested that the board failed to make the levy in the first instance at the June session next after the vote was had, and the action taken by the board thereafter was illegal ; but this theory is contrary to the rule as laid down by this court. *Peed* v. *Millikan*, 79 Ind. 86 ; *Sackett* v. *State, ex rel.*, 74 Ind. 486.

As the case is presented, Hobart township voted an appropriation, and the township became liable for the payment of it. Afterwards, and before the amount was levied or became a lien upon the taxable property of said township (*Miles* v. *Ray*, 100 Ind. 166), the taxable property of said township was changed by an authorized act of the board of commissioners, by which some of the taxable property was excluded from the township and other property taken into the township.

Hobart township remained a body politic and corporate from the time it was created, although its boundaries may have been changed or its taxable property increased or diminished. It still remained the same corporate body, liable for all its obligations. The board of commissioners are authorized to make such alteration in the boundaries of townships as they may deem proper. Sections 5987, 5988, 5989 and 5990, R. S. 1881. The appellants held and owned their property situate

in North township, Lake county, subject to the right of the board of commissioners of said county to lawfully change the boundaries of the township in said county, and place their property in any other township in said county.

There are no facts pleaded showing the action of the board in making the change they did to be void, and it could not be attacked in these collateral proceedings unless their action was absolutely void. It must be held that such territory was properly and legally annexed to Hobart township.

. The general and well settled rule is, that where the territorial boundary of a body politic or corporation is extended so as to include new and additional property, such property is thereby subjected to taxation in like manner, and to the same extent as the property previously included within the corporation, and this is true even though such taxation be for the purpose of paying pre-existing debts of the corporation. *Stilz* v. *City of Indianapolis*, 55 Ind. 515; *City of Logansport* v. *Seybold*, 59 Ind. 225; *Town of Cicero* v. *Sanders*, 62 Ind. 208; *United States* v. *Memphis*, 97 U. S. 284; 1 Dillon Corp., section 185.

This is the only practical rule that could be applied. Obligations are constantly being created by municipal and other political subdivisions and corporations. Many of them can only be contracted and incurred by a vote of the property-owners or electors within the corporation, and the time of payment of many of them is extended for years in the future. The property of such corporations is constantly changing, both by removal and the changing of boundary lines, and the annexation of new territory. If the rule was not as it is, that all property within the corporation at the time of the levy and attaching of the lien is liable for taxation for all purposes, making a general and uniform system of taxation, we would be compelled to resort to a special system of taxation, returning and taxing each piece or article of property within the corporation at the time a particular

debt was contracted or obligation incurred for the payment of the same.

But there are other obstacles in the way of enforcing and collecting a tax upon the property which was excluded from Hobart township by the change in boundary. The appropriation was made by Hobart township; it is the obligation or indebtedness of that township for which the tax is levied to pay. At the time of the levy the property thus excluded from the township is no longer a part of the taxable property of the township. It has been legally removed from the township. The personal property owned by the residents of such territory and situate therein is as far removed from and beyond the power of taxation in such township as if there had been no change in boundary, and instead thereof the owners of the same had in March, 1883, removed from the township, taking the property with them; so, too, the real estate is transferred and became subject to taxation in another township, and having been transferred and become subject to taxation in another township, there is no power to tax it to pay a debt of Hobart township.

The power of taxation is legislative, and can only be exercised by the authority of the Legislature. *Merriwether* v. *Garrett*, 102 U. S. 472.

The statute authorizing the levying and collection of taxes to pay appropriations voted to railroads (section 4056) does not designate any particular property which shall be subject to taxation. It differs in no way from other statutes authorizing the levying of a tax. It provides that it shall be levied upon the real and personal property in the township. This manifestly must apply to the property in the township at the time the levy is made. The levy in this case was made upon the property in the township at the time of the rendition of the final judgment on appeal. If a lien attached to any of the property of the township at the time the aid was voted, or if its status was fixed by which it was collectible out of the property thus within the boundary of the township, it

attached to the personal as well as to the real property, and
it would seem a novel theory that a lien would follow the
personal property then in the township, though the tax was
not levied for more than two years thereafter, and the prop-
erty removed from the county. It is not a special assess-
ment to be levied upon specific property, but a sum to be
levied on all the property of the township and collected as
other taxes. It is suggested that it is taking appellant's
property without notice and without due process of law.
This principle does not apply to taxation which is uniformly
assessed against all property in the same municipality or po-
litical subdivision or corporation. No notice is required of
the levying of a tax authorized or directed by law. It is
suggested that the property of the appellant was situated
in North township at the time of the giving of the notice
and taking of the vote, and they were given no opportunity
to be heard as guaranteed by the Constitution. We do not
think the constitutional rights of the appellant were inter-
fered with. The same claim could be made by any person
moving into any municipality or political subdivision of the
State, taking with him property subject to taxation if a tax
were levied for a pre-existing debt of the corporation. The
property of the appellant became a part of the taxable prop-
erty of Hobart township by operation of law, by an author-
ized act of the Board of Commissioners, and it became and
was liable to taxation the same as if it had been brought into
the township in any other manner, or had been included
within the corporate limits of the township at the time it was
created.

We are cited to the decision in *Alvis* v. *Whitney*, 43 Ind.
83, as supporting the theory of appellant, that a tax can not
be levied upon the property added by the change in boun-
dary, but we do not think the decision against the theory we
have enunciated. In that case the controverted question
was whether or not the railroad company was entitled to the
appropriation, as it had not constructed the railroad through

the township as it had existed at the time the aid was voted. There was a change in the township boundary, and the railroad was constructed wholly outside the boundary of the township as it existed at the time of the vote, and upon these grounds the decision was made.

The conclusion we have reached being in harmony with the rulings of the circuit court, the judgment is affirmed, with costs.

McBRIDE, J., dissents.

Filed May 11, 1892.