YARGER, ETC. *v.* RAVER, AUDITOR, ETC. ET AL.

[No. 29,427.   Filed June 28, 1957.]

*Claude Cline* and *C. W. H. Bangs,* both of Huntington, for appellants.

*Homer E. Bailey, Lee M. Bowers,* and *Bowers, Feightner & Palmer* (of counsel), all of Huntington, for appellee.

EMMERT, J.—Appellant as a resident taxpayer of the School City of Huntington commenced an action in his own behalf and on account of other taxpayers similarly situated, to enjoin the collection of a tax levy made pursuant to the provisions of Ch. 57 of the Acts of 1945, and amendments thereto, which authorized the creation of a cumulative school fund. Appellees filed a demurrer to the amended complaint, which was sustained, and on appellant's refusal to plead over, judgment was entered for appellees, from which this appeal is prosecuted. The error assigned is the sustaining of the demurrer to the amended complaint.

Appellant does not complain that the Board of School Trustees of the School City of Huntington or the State Board of Tax Commissioners acted in bad faith or in any manner to perpetrate a fraud upon him or his class, nor does he assert that there was a violation of any of the statutory procedures provided by §28-1108, Burns' 1948 Replacement (Supp.), §28-1109 and §28-1110, Burns' 1948 Replacement.

The School City, pursuant to the statute, did adopt a plan to provide for the cumulative building fund for "the erection, construction, purchase and remodeling of school buildings, purchase of real estate and the purchase of equipment, the payment of rentals for renting or leasing of real estate for school buildings" and provided for "a tax levy of 40 cents on each $100 of assessed valuation on all property in that taxing district taxable for such purposes, such tax to be assessed beginning with the levy of 1955, payable in 1956, and annually thereafter for a total period of 6 years." After notice and a hearing given by the State Board of Tax Commissioners, this resolution was approved by it.

"The power to tax for the purpose of raising revenue to administer the affairs of government is the highest sovereign power. The amount of money which a government has power to raise by taxes for such purposes is limited only by the necessities of the government. The government extends to the citizen the protection of its laws and he enjoys the rights, privileges and immunities of citizenship. One of the highest duties of a citizen is to contribute to the public support of the government under which he lives." *Harmon* v. *Bolley* (1918), 187 Ind. 511, 523, 120 N. E. 33.

"That the legislature has power to protect public health, safety, morals, and welfare, and to exercise and

to authorize the exercising of the power of taxation and eminent domain, and the raising and expenditure of public funds for such purposes, cannot be doubted. From time to time boards and commissions have been created and authorized and vested with authority to carry out projects for the protection of the public. The name given to such an instrumentality is of no significance, nor do we find any limit upon the character or number of public corporations or bodies politic, which the legislature may authorize or create to accomplish such purposes." *Edwards* v. *Housing Authority of City of Muncie* (1939), 215 Ind. 330, 335, 19 N. E. 2d 741.

The Indiana Constitution has specifically declared the establishment and maintenance of free Common Schools is one of the duties of state government. "Knowledge and learning, generally diffused throughout a community, being essential to the preservation of a free government; it shall be the duty of the General Assembly to encourage, by all suitable means, moral, intellectual, scientific, and agricultural improvement; and to provide, by law, for a general and uniform system of Common Schools, wherein tuition shall be without charge, and equally open to all." Section 1, Article 8, Indiana Constitution. Without such laws providing for a Common School system government would not be providing for the general welfare of the state.

Appellant asserts there was no need for the creation of this cumulative school fund. But he does not charge the Board of Trustees or the State Board of Tax Commissioners acted in bad faith or in fraud of the taxpayers. We feel this issue is analogous to the attempt by the appellant in *Murray* v. *Zook* (1933), 205 Ind. 669, 678, 187 N. E. 890, 90 A. L. R. 321, to upset the action by the Tax Adjustment Board

of LaGrange County and the State Board of Tax Commissioners in finding there was an emergency and fixing a tax rate at more than $1.50. This court there held, "These boards may err in their judgment in fixing the levy—all men do not see alike and come to the same conclusion, but as long as there is no fraud or corrupt motives in the fixing of the levies the judgment of the members of the board must be accepted." Moreover, §28-1110, Burns' 1948 Replacement, provides, "Such tax, when collected, shall be held in a special fund to be known as the 'building fund,' and shall not be expended for any purpose other than the purpose for which it was levied." If the General Assembly thought it was good business judgment to provide for future school building requirements by raising the funds over a period of years before a building is constructed, it should be commended rather than criticized, and certainly the courts are not in a position to hold there was any unreasonable exercise of the powers of government.

Appellant's main contention is that the statute establishing the fund does not meet the requirements of due process of law under the Fourteenth Amendment, or due course of law under §12 of Article 1 of the Indiana Constitution, in the statutory requirements for notice to taxpayers provided under the statute. First of all it must be emphasized that the appellant did not assert there was anything unconstitutional or in violation of the statute in assessing the property subject to the levy. Nor does he assert that the Board of School Trustees or the State Board of Tax Commissioners failed to comply with the statutory requirements for establishing the fund.

The answer to appellant's contention is he has confused the exercise of the taxing power for special local

improvements with the general power of taxation under the police power, which includes objects for the promotion of the general welfare.

In *Wright* v. *House* (1919), 188 Ind. 247, 253, 254, 121 N. E. 433, this court held a general tax levied in Hamilton County to pay 50% of the cost of a "main market highway" within Hamilton County was constitutional and valid, even though the taxpayer was not given by statute notice and an opportunity to be heard before some court or regularly constituted tribunal which could determine the levy. The distinction was noted between a special assessment for a local improvement and a general tax, by the following language:

". . . This court has recently held that, where a local improvement of a public nature is constructed under a law providing that the costs shall be paid in whole or in part from the proceeds of special assessments to be levied on the property beneficially affected thereby, the property owners have a right to notice and an opportunity to be heard before a special assessment of this kind can be legally imposed. *Harmon* v. *Bolley* (1918), 187 Ind. 511, 120 N. E. 33. The reason for the rule there announced is that such assessments are made on the theory that each particular piece of property assessed is specially affected and benefited to an extent at least equal to the amount of the assessment imposed. Such assessments are imposed on the theory that the property affected is enhanced in value or otherwise specially benefited to the full amount of the assessments imposed, and that nothing is exacted by the assessment which is not fully compensated by benefits actually accruing to the land affected. *Norwood* v. *Baker* (1898), 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. The rule thus announced applies only to special assessments made against specific property based on actual benefits resulting thereto on account of a local improvement. The rule has no application to the exercise of the general taxing power of a state or of any of its municipal subdivisions.

"Taxes levied for governmental purposes are not imposed on the basis of a special and particular benefit accruing to each citizen in proportion to the taxes paid. The protection of life, liberty, and property, and the other rights, privileges, immunities and benefits which a citizen enjoys as a result of living under the protection of an organized government are of such a nature that their value cannot be measured by dollars and cents. The power to tax for such purpose is not limited to actual benefits resulting to the citizen by reason of the maintenance of government, but such power is limited only by governmental needs. *Harmon* v. *Bolley, supra; Kelly* v. *Pittsburgh* (1881), 104 U. S. 78, 26 L. Ed. 658."[1]

We know of no federal decision that holds due process requires notice to the taxpayer for the fixing of a tax levy of a general tax.

Other contentions that the act was invalid as claimed in the amended complaint have been waived by appellant's failure to comply with Rule 2-17. There was no error in sustaining the demurrer.

Judgment affirmed.

Arterburn, C. J., Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 143 N. E. 2d 662.

---

1. "Such a continued course of legislative action certainly strengthened us in the conviction that the convention which formed the constitution under which we are now acting intended to recognize a distinction between the general power of taxation for purposes in which, as citizens or inhabitants of either the state or smaller territorial divisions, all are generally interested, and assessments for improvements resulting in a special benefit to property, and therefore reasonably and justly charegable with the expenses thereof." *Law* v. *Madison, Smyrna, and Graham Turnpike Company* (1868), 30 Ind. 77, 80.

"There can be no doubt that special assessments, imposed on property affected by a local improvement of a public nature to pay the costs and expenses of such improvement, are regarded as a species of taxation; but it is equally true that money so raised does not constitute any part of the general revenue of the state or of any municipality organized for governmental purposes." *Harmon* v. *Bolley* (1918), 187 Ind. 511, 522, 523, 120 N. E. 33.