THORPE ET AL. *v.* KING ET AL.

[No. 30,899. Rehearing granted June 13, 1967.]

*Straley Thorpe,* of Hammond, for appellants.

*Edmund J. Leeney* and *Galvin, Galvin & Leeney,* both of Hammond, and *James R. Bielefeld* and *Carroll & Bielefeld,* both of Crown Point, all for appellees.

ON PETITION FOR REHEARING.

MOTE, J.—We are concerned with a Petition for Rehearing on which oral arguments have been heard.

By an evenly divided decision of this Court, on December 22, 1966, when there were but four members, the action of the trial court in denying an injunction against the officials of the purported Town of Cedar Lake, Indiana, was thereby upheld. Appellants having seasonably filed their Petition for Rehearing with this Court, now with full membership[1] consisting of two new members, it is deemed appropriate to reconsider the matter.

With deference to the members of the Court at that time who voted to affirm the trial court, we think it appropriate to declare that the members of the Court who stood for reversal were correct for the reasons stated in the opinion and decision for such reversal.

Prior to the time that Appellants sought injunctive relief herein, and on or about January 22, 1965, in Cause No. 546-881 in the Lake Superior Court, Room 5, Ordinance No. 19 was passed by the Board of County Commissioners of Lake County, Indiana, and was decreed to be void. This decree was final and it remains in the order book of that court, with no appeal therefrom.

Subsequently thereto, and on March 11, 1965, the General Assembly attempted to legalize the purported incorporation

1. Since the draft of this opinion, this Court has lost one of its members, the late Honorable Walter Myers, Jr., who voted to dissent without opinion.

of said Town of Cedar Lake by the enactment of Chapter 283, page 779, Acts of 1965, as follows:

"All steps taken and all acts done in and about the incorporation of the Town of Cedar Lake in Lake County, Indiana, are deemed sufficient to incorporate the town, and the act of the Board of Commissioners of Lake County in incorporating the Town of Cedar Lake, be and the same are hereby legalized and declared to be legal and valid."

It appears that all the necessary statutory notices for the filing of said petition for incorporation were not given, for which reason the ordinance purporting to incorporate the said Town was decreed to be void. When Appellants sought injunctive relief in this cause against the actions being taken or about to be taken by the purported officers of said purported Town, such relief should have been granted and not denied because of the determined invalidity of the ordinance creating said Town.

Enactment by the General Assembly of Chapter 283, page 779, Acts of 1965, above set forth, was unconstitutional and ineffective for the reasons set forth in the opinion and decision for reversal of the appeal herein. See: *Thorpe* v. *King* (1966), 248 Ind. 275, 221 N. E. 2d 895, and particularly page 898. We do not consider the 1965 Act as curative when applied to the facts herein, nor do we believe that such Act lawfully may be applied retrospectively; thus, to have the legal effect of setting aside and nullifying a final decree of the Lake Superior Court. To hold otherwise might be construed that this Court recognizes the right of the legislative branch of government to encroach upon the judicial branch of government.

Since the oral argument, Appellees have furnished an "Additional Authority" to sustain their contentions, to-wit:

"HOUSE ENROLLED ACT. No. 1766

AN ACT to legalize and declare valid all proceedings for the creation of civil towns and to legalize all actions taken

by the officers, officials or governing bodies of any town incorporated prior to the adoption of this act.

*Be it enacted by the General Assembly of the State of Indiana:*

SECTION 1. In all instances where proceedings for the incorporation of a civil town have been instituted, and where the board of commissioners of the county involved has adopted an order or ordinance approving or declaring the incorporation prior to the adoption of this Act, the incorporation of such a civil town is hereby legalized and declared valid and all proceedings had for the creation of said civil town are hereby declared valid and legal.

SEC. 2. Any and all actions taken in the past and future by the officers, officials or governing bodies of any civil town legalized and declared valid by this Act, shall not be subject to challenge because of any asserted invalidity or irregularity in the proceedings had to incorporate such civil town.

SEC. 3. Whereas an emergency exists for the more immediate taking effect of this Act, the same shall be in full force and effect from and after its passage." (1967 Acts of the Indiana General Assembly, Chap. 343.)

This Act was signed by the Governor on the 11th day of March, 1967, and an emergency having been declared to exist, the same became effective March 11, 1967.

The 1967 Act, curative in nature, is one of general application, and therefore does not suffer the invalidity of the 1965 Act, supra, which had special application. However, in the execution of our duties and the maintenance of the provisions of our oath of office, we are constrained to hold that the said 1967 Act cannot be applied to the case at bar for the very simple reason that on January 22, 1965, the *final decree* of the Lake Superior Court, Room 5, in Cause No. 564-881, Ordinance No. 19 passed by the Board of County Commissioners of Lake County, Indiana, was declared *void*. As a consequence, so far as said Ordinance No. 19 pertains to the creation of the said Town of Cedar Lake, there was no such creation. And this would be true even though the trial judge

may or could have committed error in the finding and decree of invalidity of the said Ordinance No. 19. The Ordinance having been decreed void in the final judgment, it cannot be revived. Furthermore, the said 1967 Act cannot be applied in such manner as to set aside a final judgment of a court of record, the Lake Superior Court. An attempt at such application brings into use the constitutional prohibitions against infringement of and encroachment upon one triune branch of government upon another. This Court cannot and will not permit such erosion and accumulation of powers.

Other than to say that this Court, at all times when called upon to do so, should protect the constitutional rights and duties of each branch of government, we see no reason to prolong this discussion. If the citizens involved wish to create the Town of Cedar Lake, there are ample legislative guidelines for them to do so. Recognizing that some chaos may result from this ruling, we can say only that such chaos would not in anywise compare to that arising were we to sanction unconstitutional legislation.

The judgment of the trial court is reversed. Inasmuch as we are unable to contemplate any significant reason for a new trial, in view of the particular facts here involved, the trial court is hereby ordered to enter judgment for the Appellants.

Hunter, C. J., Jackson and Arterburn, JJ., concur.

NOTE.—Reported in 227 N. E. 2d 169.