BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY, INDIANA v. SIMS, ET AL.

[No. 469S89. Filed September 29, 1969. Rehearing denied November 17, 1969.]

*Nelson G. Grills,* of Indianapolis, *Joseph Skozen,* of Hammond, for appellants.

*John F. Goodrich,* of Chicago, Illinois, *Straley Thorpe,* of Hammond, for appellees.

ARTERBURN, J.—This appeal has its origin in an administrative appeal from the Board of County Commissioners of Lake County, incorporating the Town of Cedar Lake. The appellants, pursuant to the statute, filed their petition before the Board of County Commissioners for the incorporation of the Town of Cedar Lake. No issue is made with reference to their meeting the requirements of the statute so far as procedural terms are concerned.

On October 30, 1967, the Board of County Commissioners adopted an ordinance incorporating the Town of Cedar Lake,

Indiana. Thereafter, the appellees filed their complaint for an administrative appeal to the Lake Superior Court. In their petition or complaint remonstrating against the incorporation they raised the issues:

1. That the facts were insufficient to support the statutory determinants permitting incorporation.

2. That the Act (Ch. 240, § 1, of the Acts of 1959, being Burns' Ind. Stat. Ann. §§ 48-101—48-110 and § 48-711—48-715) under which the incorporation took place was unconstitutional by reason of the inadequacy of its notice provisions, which violates the Fourteenth Amendment of the Constitution of the United States pertaining to due process of law.

3. That the legislation in question also violates the equal protection clause of the Constitution by taking property of persons within the area of the proposed town without just compensation and by denying equal protection to landowners in the area incorporated.

4. That the legislation in question violates Art. 15, 1 of the Indiana Constitution providing for the first town election.

5. Finally, it is urged that the filing of the petition for incorporation and the determination thereon was premature and in violation of the provisions of the law providing that "a petition for incorporation once denied may not be resubmitted for at least one year from the date of final denial." Burns' Ind. Stat. Ann. § 48-107.

It is contended that a previous petition for incorporation was finally defeated on June 13, 1967 by a ruling of the Supreme Court of Indiana in Cause No. 30899 entitled *Thorpe, et al. v. King, et al.* (1967), 248 Ind. 283, 227 N. E. 2d 169, and that the present petition in question was filed on July 17, 1967.

Previously, this Court overruled a motion to dismiss the appeal. (See opinion, *Board of County Commissioners of Lake County v. Sims* (1969), 252 Ind. 362, 248 N. E. 2d 340.) In that opinion we held that a motion for a new trial was not necessary for an appeal in a public lawsuit of the nature involved here and that the appellants were permitted to amend the assignment of errors pursuant to Supreme Court Rule 2-6. The appellants have properly raised the issues on the appeal presented to us.

We first consider the constitutional issues presented. These issues turn primarily upon the contention of the appellees that the statutory notices required with the petition for incorporation did not meet the requirements of due process on the ground that the statutory provisions were inadequate. Burns' § 48-106 provides that upon the filing of a petition for incorporation before the County Commissioners, notice by certified mail shall be given to:

"(a) The residents, resident landowners and nonresident landowners of the area as listed in the petition.

"(b) The city councils of all existing cities and the town boards of all existing towns, any part of which lies within three [3] miles of the perimeter of the proposed new town.

"(c) The county commissioners of any other county or counties within which lies a portion of the proposed new town.

"(d) The trustees of any township or townships within which lies all or a portion of the proposed new town."

The appellees, as remonstrators, make no objection on the ground that the appellants failed to comply with the requirements of the statute in regard to notice. We have therefore the pure question of whether or not the legislature may, in its own discretion, determine what kind or type of notices, if any, should be given for the purpose of incorporating towns and cities. In our opinion this question has long and finally been settled in this jurisdiction, and so far as we can find, in most jurisdictions.

In *Woerner, etc. v. City of Indianapolis* (1961), 242 Ind. 253, 266, 267, 177 N. E. 2d 34, 39, 40, we stated:

"Finally, we consider the question as to whether or not, as contended by the appellant, the annexation of the town of Woodruff Place violated the constitutional rights of the residents thereof by depriving them of their property rights within the Town of Woodruff Place, contrary to the constitutional provisions hereinbefore cited. There is no merit to this contention. Subordinate divisions of government are but parts of the state government as a whole. The state, by its legislature, may abolish, consolidate, combine, eliminate, or create new governmental corporations, or authorize such alterations to govern those who live in a given area. There is no constitutional guarantee for the continued existence of a governmental division of the state. They are all creatures of the statute."

The above case is well supported by authorities to the effect that the legislature has jurisdiction over all of its instrumentalities, including municipal corporations, and may abolish, alter or incorporate such instrumentalities as it sees fit in the performance of its legislative functions. The legislature is not required to give notice to anyone affected by its legislation. If it may establish, create or abolish any of its instrumentalities without notice, it follows it may limit notice. Additionally, the remonstrators here cannot complain of inadequacy of notice, since they appeared as remonstrators and made no objections at the time concerning any inadequacy or failure of notice, and were heard on the merits.

In *Wabash Smelting, Inc. v. Murphy etc.* (1962), 134 Ind. App. 198, 206, 186 N. E. 2d 586, this Court said:

"We believe that the crux of the matter is that the appellant waived all such notices by having his attorney attend the hearing, enter a general appearance, stipulate certain facts without objection, examine and cross-examine witnesses, make objections to the proceedings, and then file an Application for Review by Full Board after receiving an adverse decision. It is settled that in a trial by a court, '—where there is an appearance,

without objection, or, indeed, where there is any act indicating consent, want of notice will be deemed waived.' *Cleveland v. Oberchain* (1886), 107 Ind. 591, 594, 8 N. E. 624, 625. We think the same rule applies in cases before the Industrial Board such as this one."

The situation before us should be distinguished from one in which the legislature provides for certain procedural steps, including certain types of notices, and the the parties involved fail to comply with the statute and thus it is sometimes said, fail to give jurisdiction to the administrative body for the purposes of a hearing. Here, as we mentioned above, no question is raised with reference to the compliance with the statute as enacted by the legislature, so far as notice is concerned. The attack is made on the statute generally, not upon the procedure used by the parties in this case.

What we have said with reference to notice covers also the issue of equal protection and the taking of property without just compensation. If no notice need have been given whatever for the purpose of incorporation under a legislative act, then there can be no property issue in so far as general tax laws are concerned, and that is the only taxation issue we have involved here.

We have said:

". . . It is suggested that it is taking appellants' property without notice and without due process of law. This principle does not apply to taxation which is uniformly assessed against all property in the same municipality or political subdivision or corporation. No notice is required of the levying of a tax authorized or directed by law. *The Lake Shore and Michigan Southern Railway Co. v. Smith, Treasurer* (1891), 131 Ind. 512, 521, 31 N. E. 196.

The factual situation here does not involve special assessments for local improvements. *Wright v. House* (1919), 188 Ind. 247, 121 N. E. 433; *Martin v. Ben Davis Conservancy Dist.* (1958), 238 Ind. 502, 153 N. E. 2d 125.

". . . We know of no federal decision that holds due process requires notice to the taxpayers for affixing a tax levy of a general tax." *Yarger, etc. v. Raver, Auditor, etc., et al.* (1957), 237 Ind. 88, 94, 143 N. E. 2d 662.

We know of no legal principle which requires that the Constitution of the United States or the Constitution of Indiana requires notice to be provided persons who will be affected by general tax legislation. The legislature, however, may in its discretion provide for such notices as it may think advisable, regardless of whether or not the citizens or taxpayers think the provided notice is sufficient.

If the legislature may determine the kind and character of the notice, it may determine those to whom it feels notice should be given, if any, and may classify for that purpose those persons as to property owners or non-property owners or on any other basis which the legislature deems advisable. *Fountain Park Co. v. Hensler* (1927), 199 Ind. 95, 155 N. E. 465.

We hold that the appellees have not presented any constitutional defects in the legislation attacked.

It is next urged that under the statute the petitioners for incorporation had no standing to file a second petition within one year following the final decision of the Indiana Supreme Court. Burns' Ind. Stat. Anno. § 48-107.

The facts show that the first petition to incorporate was filed and approved by the Board of County Commissioners on September 21, 1964, and on January 22, 1965, in an administrative appeal, the Superior Court of Lake County entered a judgment reversing the Board of County Commissioners with reference to the incorporation. On June 13, 1967, the Indiana Supreme Court, on petition for rehearing, affirmed the denial of the petition of incorporation entered by the Superior Court of Lake County. However, on July 17, 1967, the present petition for incorporation was filed. It is our opinion that the decision of the Supreme Court of Indiana in affirming the judgment of the Superior Court of Lake County (January 22, 1965) was not the denial of a petition for incorporation, but the actual denial was that of the Lake Superior Court on January 22, 1965. The decision

of the Supreme Court of Indiana merely related back to and affirmed the final judgment of the Superior Court of Lake County. Therefore, the present petition for incorporation was filed beyond the one year period fixed by the statute.

Where a statute provides that a subsequent petition may not be filed within a certain time limitation, the normal interpretation is that the decision originally must be on the merits and not upon some technical ground, as occurred in the first case before us. In that case the Supreme Court of this state held that statute was unconstitutional because it was retroactive in nature and attempted to reverse a court decision. *Thorpe et al. v. King et al.* (1967), 248 Ind. 283, 227 N. E. 2d 169.

It is also contended that Ch. 240 of the legislation in question violates Art. 15, § 1 of the Indiana Constitution, which provides in substance that all officers whose appointment is not otherwise provided for shall be chosen in a manner provided by law. The objection is made that the Town Incorporation and Annexation Act of 1959 provides for the first election under the supervision of resident inspectors, without prescribing rules for the conduct of the election. With this contention we cannot agree.

Burns' § 48-110 provides that resident inspectors shall be appointed "for the purpose of conducting forthwith, an election of officers for said town in accordance with the laws and procedures for the election of town officers." Clearly such inspectors are not permitted to make their own rules and regulations, but they must follow the prevailing rules and laws with reference to such election. Burns' § 29-4401 provides a method in town elections for the selection of polling places, and other sections provide for notice and other regulatory matters. We find no merit to the contentions made.

We come next to a consideration of the determinants necessary for incorporation. Burns' § 48-109 sets forth such items.

Under this statute the County Commissioners are the ones to make the determination of the facts as to whether the necessary determinants have been proved sufficient for incorporation. The trial court to which the administrative appeal is taken from the County Commissioners has no power to make a redetermination of the facts and weigh the evidence. It has long been the law in Indiana and scarcely needs citation that in administrative appeals, where the legislature has created a fact-finding body, a court may not overturn the facts if there is substantial evidence to support the findings of the administrative body. Even though the statute may say that such an appeal shall be "de novo", we have held that it cannot be in the true sense an appeal, but only a review to determine whether there are substantial facts to support the finding of the administrative body under the statute in the case before us. In fact, the statute (Burns' § 48-4504) under which the review took place in this case provides:

"The decisions of the board or common council appealed from shall be final and conclusive on all parties except the party appealing therefrom as provided herein, and such decision appealed from shall be prima facie correct, and the burden of proof in all such appeals shall be on the party appealing. . . ." See: *Public Service Commission et al. v. City of Indianapolis* (1956), 235 Ind. 70, 131 N. E.2d 308, and cases cited there.

We therefore review the evidence with reference to the factual existence of the determinants necessary for incorporation with the above principles involved, namely, was there substantial evidence to support the fact-finding body's (County Commissioners') decision—not whether or not there is substantial evidence to support the trial court's decision. We must look at the evidence most favorable to the support of the fact-finding body's decision.

The appellees first contend that the land area sought to be incorporated is not reasonably compact and contiguous

and a large portion thereof is not urban in character. In this case it is urged that there was an undeveloped area of about 600 to 800 acres involved in the incorporation. The evidence also shows, from a witness who testified, that this area contains a gas station, a small shopping center, a library, a post office, and that the area had good subdivision possibilities. Stipulated evidence was to the effect that all but 50 acres of the area was zoned, either for residential, commercial or industrial purposes. The County Commissioners, in their decision that this should be a part of the incorporated town, undoubtedly were considering the future growth of the community. We find there was substantial evidence to support the decision of the County Commissioners on this item.

It is next urged that the proposed tax rate is grossly understated and that the services proposed in said petition are not capable of being financed by the proposed town with a reasonable local tax rate.

The evidence shows that while the town operated as a de facto corporation, a tax rate was fixed which was approved by the Lake County Tax Adjustment Board and the State Board of Tax Commissioners. There is no evidence that there was any remonstrance against any such tax rate. The evidence further shows that the town board which fixed this tax rate later ran for office as members of the town board, and they were overwhelmingly re-elected, which would indicate the majority of the property owners believe that the proposed services can be provided and that the tax rate is reasonable. There is no evidence presented by the appellees or remonstrators on appeal to the contrary.

It is next urged that under the tax rate, sufficient road equipment cannot be acquired to maintain and support the road system and street system of the incorporated area. The evidence shows that a major source of the revenue for the support of the road system comes from a distribution from the state through license fees and the gasoline tax distribu-

tion. The highway engineer of the county testified that better construction and maintenance can be achieved by the town than by the county because of the county's insufficiency of funds. We feel that this is substantial evidence upon which the County Commissioners could make a favorable and affirmative finding as to such determinant.

The appellees next urge that the town cannot furnish adequate garbage disposal. This is not one of the specific determinants set forth in the statute. The appellees support their contention merely in an argumentative fashion without a factual presentation. Garbage disposal matters in towns and cities are taken care of in some instances by private contract or by the resident property owner privately or as a public service. We have no factual situation presented here by the appellees in their remonstrance upon which the issue can be determined. The burden is on the remonstrators to make a showing against the decision and determination of the County Commissioners.

It is next urged that the town cannot furnish adequate police and fire protection, street construction and maintenance, parks and recreation, planning and zoning, and stream pollution and water conservation at less expense than they now receive. With reference to police protection, the sheriff of Lake County testified that he cannot adequately police the area proposed to be incorporated and that a town police department could do a much better and efficient job. With reference to fire protection, testimony showed that about half of the area of the proposed town was served by a fire department located 8 miles from the area and that upon incorporation, a local fire department would be able to serve the entire area. With reference to park and recreation facilities, the evidence showed that no such facilities were included in the area proposed to be incorporated, and that the de facto town, during the previous litigation over incorporation, had allocated funds and accumulated a building fund for recreation and park purposes. With reference to planning and

zoning, it was shown that a town planning board would aid the entire area in providing proper planning and zoning. With reference to stream pollution and water conservation, a representative of the Lake County Health Department testified that the town would be more effective in correcting problems of pollution than under the present governmental arrangement.

Although the evidence regarding the determinants in some respects is in conflict, under the rule of law prevailing in administrative appeals where there is substantial evidence, regardless of conflict, it must be viewed most favorably to the sustaining of the fact-finding body, namely the County Commissioners in this case.

We find that there was sufficient evidence before the County Commissioners, (looking at it most favorably to the sustaining of the fact-finding body's decision) to support the decision of the County Commissioners. The trial court on the administrative appeal was not warranted in reversing the County Commissioners' finding as to the facts.

The judgment of the trial court is reversed, with directions to affirm the decision of the Board of County Commissioners incorporating the Town of Cedar Lake.

DeBruler, C. J., and Hunter and Givan, JJ., concur; Jackson, J., dissents without opinion.

NOTE.—Reported in 251 N. E. 2d 9.