## The City of Peru et al. v. Bearss et al.

City.—*Annexation of Territory.*—*County Board.*—*Power of.*—*Can Not Annex Part only of Lands Described in Petition.*—*Statute Construed.*—Where, under the provisions of sections 85 and 86 (1 R. S. 1876, p. 311) of the act of March 14th, 1867, providing "for the incorporation of cities," etc., the common council of a city has filed its petition with the proper county board, asking that certain described lands, not platted, lying contiguous to such city, be annexed thereto, to which it is averred that the owner will not consent, such board has no power to order the annexation of a part, only, of such lands, but must grant or refuse the prayer of such petition as a whole.

Same.—*Partial Annexation Void.*—*Appeal.*—An order of such county board, annexing to such city part, only, of such lands, is inoperative and void, but is one from which no appeal is authorized by law.

Same.—*Tax.*—*Injunction.*—Where a city has assessed a tax for municipal purposes upon lands so annexed, its collection may be enjoined and such assessment cancelled, in an action therefor by the owner.

From the Miami Circuit Court.

*J. M. Brown* and *N. O. Ross*, for appellants.

*R. P. Effinger* and *L. Walker*, for appellees.

Howk, J.—In this action, the appellees were the plaintiffs, and the appellants were the defendants, in the court below.

In their complaint the appellees alleged, in substance, that the appellees Daniel R. Bearss, James N. Tyner and John H. Jack were citizens and property holders of Peru township, in Miami county, Indiana; that the appellee The Howe Machine Company was a corporation organized under the laws of Connecticut, and doing business in this State, under the laws thereof; and that the appellee. The Indiana Manufacturing Company was a corporation organized under the laws of, and doing business in, this State; that each of the appellees was the owner in fee-simple of a separate parcel of real estate in Peru township, in said Miami county, particularly and separately describing the parcel or parcels owned by each of the said appellees; and the appellees alleged, that there were many other owners of real estate in said Peru township, who were affected by the subject-matter of this controversy, who were too numerous to be joined as parties plaintiffs in this action, but on whose behalf, as well as that of the appellees, the complaint in this action was filed; that at the December term, 1873, of the board of commissioners of said Miami county, the appellant The City of Peru filed a petition addressed to said board, for the annexation to said city of certain lands adjoining said city, including the lands of the appellees, severally, particularly described in said complaint, so as to include the large and valuable factory buildings thereon situated, as well as the lands of other citizens of said Peru township, a full description of which lands, so sought to be annexed to said city, appeared in said petition, which was a part of the record of said board of commissioners, a full copy of which record, so far as the same related to said attempted annexation, was filed with and made part of said complaint. And the appellees said, that the said board of commissioners did not grant the prayer of said petition, by the annexation of the lands described in the petition and notice, as set out in said record; but that the said board

unlawfully, and without any proper notice or petition therefor, but on the petition for and notice of the annexation of a larger quantity of land, as appeared in said record, made an order for the annexation to said city of a part only of the lands described in said petition and notice, including the lands of the appellees, particularly described in said complaint, and the lands of many other citizens of said township, a copy of which order and description of the territory so unlawfully ordered to be annexed to said city appeared in said record, a copy of which was filed as aforesaid with, and made a part of, said complaint.

And the appellees further alleged, that after the making of said order, the said City of Peru, by its proper officers, but wrongfully and unlawfully, caused to be entered upon its duplicate for municipal taxation, the lands included in said pretended annexation, and the personal property held and owned within said limits; that there were so wrongfully assessed, against each of the appellees, taxes for the year 1874, the specific sum against each appellee being set out in said complaint, as well as taxes in various amounts against all the owners of lands included in said pretended annexation; that the appellant The City of Peru was engaged, by her officers, in assessing the lands and other property of the appellees and others in the said territory, for the year 1875, for the purposes of municipal taxation, and had levied a tax upon the same, and claimed and asserted the power and right to levy and collect such taxes, by virtue of the said order of said board of commissioners; that the appellant The City of Peru, by its co-appellant, James G. Goldsmith, the treasurer of said city, was about to levy upon the property of the appellees, to satisfy said illegal taxes for the year 1874; that the acts of said city in the premises have cast a cloud upon the title of the appellees and others to their said lands, and impaired and diminished their value, and disturbed them in the quiet enjoyment of the same; and

that unless an order of the court below was made, restraining the appellants from making such levy and asserting such pretended right of taxation, the appellees and others would be obliged to resort to protracted, vexatious and expensive litigation to protect their rights in said property, and would suffer great and irreparable loss and damage in the premises.

Wherefore, the appellees prayed for a temporary restraining order, and, upon the final hearing, for a perpetual injunction against the appellants' levying or collecting any pretended tax, under or by virtue of any supposed or pretended right, given by said order of said board of commissioners, and for all other proper and just relief.

Appellees' complaint was duly verified, and the undertaking required by law was therewith filed. A full copy of all the annexation proceedings mentioned in said complaint, is in the record; but, for reasons which will hereafter appear, we need not now set out any abstract or summary of any of these proceedings.

The appellants demurred to appellees' complaint, for the want of sufficient facts therein to constitute a cause of action, or to entitle the appellees to the relief prayed for, or to entitle them to any relief. This demurrer was overruled by the court below, and to this decision the appellants excepted. And the appellants failing and refusing to plead further, a judgment or decree, *pro confesso*, was entered by the court below, in favor of the appellees and against the appellants, for a perpetual injunction, as prayed for in appellees' complaint.

In this court, the only alleged error assigned by the appellants is this: That the court below erred in overruling the appellants' demurrer to the appellees' complaint.

In their brief of this cause, in this court, appellees' counsel have, as we understand them, limited the questions, presented by the record, to a single inquiry. They say, in their brief:

" The City of Peru took the necessary steps, as provided in said section 85," (of the general law for the incorporation of cities, approved March 14th, 1867,) "for the annexation of a very considerable quantity of territory, contiguous to its boundaries. It entered the necessary resolution upon its records. It filed a proper petition before the board of commissioners, setting forth the reasons for such annexation; and it presented an accurate description, by metes and bounds, accompanied with a plat of the territory proposed to be annexed. It also gave the proper notice by publication, describing said territory."

From the foregoing extract from their brief, it will be seen that the appellees frankly concede that the appellant The City of Peru fully complied with all the requirements of the law, for the annexation of all the territory described in its petition. But the board of commissioners of Miami county, to whom said petition was addressed, upon the hearing of said petition, made an order for the annexation to said City of Peru of a part, only, particularly described by metes and bounds, of the territory described in said petition, and denying the prayer of said petition for the annexation of the residue of the territory described therein.

Upon this action of the board of commissioners upon said petition, the questions arise,—and these are the only important questions in this case,—was the said order of annexation, so made by said board, valid, legal and operative? or was said order, so made, absolutely null and void?

The proceedings before the board of commissioners of Miami county, mentioned in appellees' complaint, were begun under and pursuant to the provisions of parts of sections 85 and 86 of the general law of this State for the incorporation of cities, approved March 14th, 1876. We set out so much of each of these sections as can possibly have any connection with said proceedings.

" Sec. 85.    *    *    *    If any city shall desire to annex contiguous territory not laid off in lots, and to the annexation of which the owner will not consent, the common council shall present to the board of·county commissioners a petition setting forth the reasons of such annexation, and, at the same time, present to such board an accurate description, by metes and bounds, accompanied with a plat of the lands or territory proposed or desired to be annexed to such city.    The common council shall give thirty days' notice, by publication in some newspaper of the city, of the intended petition, describing in such notice the territory sought to be annexed.

" Sec. 86.    The board of county commissioners, upon the reception of such petition, shall consider the same, and shall hear the testimony offered for or against such annexation, and if, after inspection of the map and of the proceedings had in the case, such board is of the opinion that the prayer of the petition should ·be granted, it shall cause an entry to be made in the order book, specifying the territory annexed, with the boundaries of the same, according to the survey, and they shall cause·an attested copy of entry to be filed with the recorder of such county, which shall be duly recorded in his office, and which shall be conclusive evidence of such annexation in all courts in this State.    *    *    *    *    *    *    *    *."

The foregoing parts of sections contain all the legislation of this˙State, on the subject of the annexation to cities, incorporated under the general law for the incorporation of cities, of territory contiguous thereto, where the owner or owners of such territory will not consent to such annexation.    All the authority for the institution of such proceedings by such cities is to be found in the said part of said section 85.    And all the power conferred on the board of commissioners, to hear and determine such proceedings, is to be found in the said part of said section 86.    In other words, the entire proceedings for the annexation of contiguous territory to incorporated

cities are statutory proceedings; and to make them operative and give them validity, it is essentially necessary that all the proceedings should be in strict conformity with the provisions and requirements of the statute. And this is true, as well in regard to the proceedings and decision of the board of commissioners, as in regard to the preliminary proceedings of the city.

In such a proceeding by a city, for the annexation of contiguous territory, against the consent of the owners, the board of commissioners before which such proceeding is instituted and had, upon the reception of the city's petition and the hearing had thereon, may lawfully do just what section 86, before cited, has authorized and directed said board to do in such cases, and nothing more or different therefrom. From a close examination and analysis of the language used in and cited from said sections 85 and 86, it seems to us that the action of the board of commissioners, provided for in section 86, is entirely dependent upon the action of the city, as provided for in said section 85, and is limited strictly to the granting or denying of the prayer of the city's petition. The board of commissioners is not authorized by law to grant a part, and deny a part, of the city's petition. If the "board is of the opinion that the prayer of the petition should be granted," then it shall make the order for the annexation. If the legislature had intended that the board of commissioners should have the power to grant the prayer of the city's petition, in part, in such manner as to authorize the board to annex to the city such part only of the territory described in the petition, as to the board might seem right and proper, and to deny the prayer of the petition as to the residue of such territory, then the language of the statute would have been very different from what it is now. It seems to us that it was intended to provide, by the legislation we have cited, that city boundaries might be extended, in the mode prescribed, to include contiguous territory, when the common council of the city

and the board of commissioners of the county, with the proper and necessary formalities required by the law, concurred in the proposed extension, but not otherwise. In the case at bar, the action of the board of commissioners upon the petition of The City of Peru, in the annexation of a part only of the territory described therein, was not in harmony with, nor pursuant to, the city's action and petition. It can not be said, with any degree of accuracy, that the board of commissioners granted the prayer of said petition; and it was only upon the granting of the prayer of the petition, that the board was authorized to make any order for the annexation of territory. And the order of the board, in this case, for the annexation to The City of Peru of a part only of the territory described in the city's petition, was wholly unauthorized by law, and was therefore inoperative and void.

In such a proceeding as the one we are considering, the law makes no provision for any appeal from any decision of the board of commissioners, however erroneous it may have been, to any other tribunal. It follows, therefore, that whenever a wrong decision is made by the board, in such a proceeding as this, the parties aggrieved thereby are without any adequate remedy, except such as may be afforded by an action like the one now before us. The property of the appellees, described in their complaint, was not lawfully within the corporate limits of The City of Peru, and therefore was not subject to taxation by said city for municipal purposes. The corporate authorities of said City of Peru had, however, assessed the said property of the appellees for such taxation, and claimed and asserted the right to reassess the same property, for such taxation, for the years succeeding, and to levy and collect the taxes assessed and to be assessed thereon. In their complaint the appellees stated and set forth all the matters of fact we have been considering; and, in our opinion, the facts so stated were sufficient to constitute a cause of action, and to entitle the appellees to the relief prayed

for in said complaint. There was no error in the decision of the court below, overruling appellant's demurrer to said complaint.

The judgment of the court below is affirmed, at the costs of the appellants.