Chandler *et al. v.* The City of Kokomo *et al.*

Filed Mar. 27, 1894.

───────◆───────

### No. 16,672.

## CHANDLER ET AL. *v.* THE CITY OF KOKOMO ET AL.

MUNICIPAL CORPORATION.—*Annexation.*—*Reasons for.*—*City.*—The statute for annexation of lands to a city does not prescribe the reasons which shall be sufficient for such annexation, but leaves that question to the sound discretion of the authority passing upon the petition for annexation.

SAME.—*Platted and Unplatted Territory.*—*Jurisdiction.*—*Proof.*—It must be alleged in the petition for annexation whether the territory sought to be annexed is platted or unplatted territory, in order to determine whether the board of county commissioners or city council have jurisdiction of the proceedings, and that fact must be proven on appeal to the circuit court, unless admitted.

PLATTING.—*Sufficiency.*—Platting may consist alone in drawings and statements upon paper, and does not imply such markings and subdivisions upon the lands as to distinguish them from unplatted lands.

From the Tipton Circuit Court.

*C. N. Pollard,* for appellants.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellees.

HACKNEY, J.—This proceeding was by the appellee, The City of Kokomo, for the annexation of certain unplatted territory lying contiguous to said city and owned

Chandler *et al. v.* The City of Kokomo *et al.*

by the appellants and others who are joined as appellees. On appeal from the order of annexation by the board of commissioners of Howard county, the venue was changed to the court below, where, upon a full hearing, said territory was again ordered annexed, and from this order the appellants have appealed to this court.

The first question presented by the assignments of error and argument of counsel is the sufficiency of the petition upon which the annexation was ordered, the appellants insisting that the reasons stated therein for such annexation were not adequate.

The petition states the reasons for taking said territory within the city jurisdiction as follows: "Because the growth of said city is largely started in that direction, by having so large a body of land out of the jurisdiction of the city and between the city limits and other land east of the same upon which houses are being erected, and the owners of which require the opening of streets to encourage further building; for the further development it is necessary to open and improve streets through the same, which the owners now refuse to do and can not be required to do while out of the jurisdiction of the city. Said property lies on the main line of the water mains of said city, and all the public advantages of which are within easy access, which said property contributes nothing to help sustain; the only highway connecting Sycamore and Jefferson streets in said city, two of the most prominent thoroughfares therein, for the distance of more than a half mile on either side, is the narrow roadway lying along the property of said Chandler, which can't accommodate the traffic thereon in the near future without widening and improving, especially so, since the location of the driving park near Wild Cat creek, south of the southern terminus of said road."

The only requirement of the statute on this subject is that the petition shall set "forth the reasons for such annexation." R. S. 1881, section 3196; R. S. 1894, section 3659.

It has been held by this court that as the statute does not prescribe the reasons which shall be sufficient, the question is necessarily left to the sound discretion of the authority passing upon the petition. *Catterlin* v. *City of Frankfort*, 87 Ind. 45.

In that case and the case of *Elston* v. *Board, etc.*, 20 Ind. 272, petitions of the general character of that in the present case were held sufficient. If, as indicated, the sufficiency of the reasons is a question within the sound discretion of the authority to which they are addressed, we could not review the exercise of that discretion unless, possibly, we should find that it had been palpably abused. While we feel entirely satisfied of the sufficiency of the reasons for the annexation, as stated in the petition, we deem it advisable to repeat the rule for determining the sufficiency of an application in this respect, as we find that rule well stated in *Vestal* v. *Little Rock*, 54 Ark. 321: "The city limits may reasonably and properly be extended so as to take in contiguous lands, (1) when they are platted and held for sale or use as town lots, (2) whether platted or not, if they are held to be brought on the market and sold as town property when they reach a value corresponding with the views of the owner, (3) when they furnish the abode for a densely settled community, or represent the actual growth of the town beyond its legal boundary, (4) when they are needed for any proper town purpose, as for the extension of streets, or sewers, gas or water system, or to supply places for the abode or business of its residents, or for the extension of needed police regulation, and (5) when they are valuable by reason of their adaptability

for prospective town uses." See also Beach on Public Corporations, section 420. Some of the reasons so held sufficient are clearly stated in the petition before us.

The appellants urge a reversal upon the assumption that there was a failure of proof that the land sought to be annexed was unplatted.

The evidence of the appellant John Chandler was that the land was a tract 245 by 850 feet, occupied as a homestead, with his dwelling, barn, out-buildings and orchard, and the remonstrance admitted it to be agricultural and horticultural lands. This, the appellee insists, necessarily raises the inference that said lands were unplatted. We do not think so. Platting may consist alone in drawings and statements upon paper, and do not imply such markings and subdivisions upon the lands as to distinguish them from unplatted lands.

The only feature in which the jurisdiction of the common council and that of the board of commissioners were distinguished, was in the one fact as to whether the lands to be annexed were platted or unplatted. R. S. 1881, sections 3195, 3196.

This fact was clearly a jurisdictional fact, and it was, as such, not only necessary to be alleged, but also to be proven. *Jolly* v. *Ghering*, 40 Ind. 139; *Toledo, etc., R. W. Co.* v. *Milligan*, 52 Ind. 505; *Evansville, etc., R. R. Co.* v. *Epperson*, 59 Ind. 438.

The general denial and a special remonstrance were filed before the board, and required proof of every issuable fact. Upon appeal to the circuit court, every question in issue before the board was triable *de novo*, the decision thereof by the board having been suspended and vacated by such appeal. *Malone* v. *Hardesty*, 1 Ind. 79; *Daggy* v. *Coats*, 19 Ind. 259; *Hays* v. *Parrish*, 52 Ind. 132; *Coyner* v. *Boyd*, 55 Ind. 166; *Scraper* v. *Pipes*, 59 Ind. 158; *Bowers* v. *Snyder*, 66 Ind. 340; *Schmied* v.

*Keeney,* 72 Ind. 309; *Grimwood* v. *Macke,* 79 Ind. 100; *Cox* v. *Lindley,* 80 Ind. 327; *Fleming* v. *Hight,* 95 Ind. 78; *Neff* v. *Reed,* 98 Ind. 341; *Washington Ice Co.* v. *Lay,* 103 Ind. 48; *Reynolds* v. *Shults,* 106 Ind. 291.

In view of these rules, we have no basis upon which to found a presumption in favor of the jurisdictional fact. The default of others would òmit nothing as to the appellants.

The evidence having wholly failed to support the issue upon this essential requisite, the lower court erred in overruling the motion for a new trial, and for that error the judgment is reversed.

Filed March 14, 1894.