Filed November 5, 1895.

No. 17,571.

THE WINDFALL MANUFACTURING CO. *v.* EMERY ET AL.

TOWN. —*Annexation of Territory.—Sufficiency of Reasons Not Review-able on Appeal.—County Commissioners.*—The sufficiency of the reasons stated in a petition for the annexation of territory to a town cannot be considered upon appeal, at least in the absence of a plain abuse of the discretion necessarily vested in the county board of commissioners, by the omission of the statute to prescribe what reasons shall be set forth.

SAME. —*Annexation of Territory.—Evidence.—Remonstrant.—Use of Streets.—School Children in Such Territory.*—In a proceeding under statutes for the annexation of territory to a town, it may be shown that the office of the remonstrant is within the town, that the streets of the town are used in the transportation of the products manufactured by him within the territory in question that other factories in the same territory are in prospect and that children residing in such territory attend the schools in the town.

From the Hamilton Circuit Court.

*Blacklidge & Shirley* and *Shirts & Kilbourne*, for appellant.

*W. O. Dean* and *W. H. Dean*, for appellees.

MONKS, J —This was a proceeding for the annexation of certain territory to the town of Windfall, brought before the board of commissioners of Tipton county. Appellant appeared before the board and filed a remonstrance. A trial was had which resulted in a finding and judg-

ment that said territory be annexed. Appellant appealed to the circuit court, the venue was changed to the Hamilton Circuit Court, where the cause was tried by a jury, a verdict returned against appellant and over a motion for a new trial, judgment was again rendered that said territory be annexed.

The only error assigned is the overruling of appellant's motion for a new trial.

One of the causes assigned for a new trial questions the sufficiency of the evidence to sustain the verdict. It has been held by this court that as the statute does not prescribe what reasons for annexation shall be set forth in the petition, that question is necessarily left to the sound discretion of the authority passing on the same. *Catterlin* v. *City of Frankfort*, 87 Ind. 45 ; *Elston* v. *Board of Trustees*, 20 Ind. 272 ; *Chandler* v. *City of Kokomo*, 137 Ind. 295.

The sufficiency of such reasons being within the sound discretion of the authority to which they are addressed, this court cannot review that discretion unless, possibly, it has been plainly abused. *Chandler* v. *City of Kokomo*, *supra*. The reasons set forth in the petition for annexation in this case have not been questioned in this court by an assignment of error.

It is urged, however, by appellant, that, in considering the evidence, we should disregard certain of the reasons for annexation stated in the petition, because they are insufficient.

If we could review the exercise of discretion as to the sufficiency of the reasons stated for annexation when it had been palpably abused—a question we do not determine—we would be compelled to adjudge that there was no such abuse in this case. On the contrary, the sufficiency of the reasons stated is sustained by this court.

*Catterlin* v. *City of Frankfort, supra; Stilz* v. *City of Indianapolis,* 55 Ind. 515.

The objection urged by appellant to the reasons stated for annexation could only be reached by a motion to make more specific. This being true, there is evidence which supports the verdict, and, under the well settled rule, we cannot weigh the evidence.

The court below permitted a witness on behalf of appellee, to testify over the objection of appellant, that "he was appellant's bookkeeper from March, 1891, until the 1st of June, 1892, and that during that time he kept its books at a store in the town of Windfall; that the books of appellant were at the tile factory on the 1st of April, 1893; that appellant used the streets of the town for hauling and getting a large portion of their brick; that Gifford, a member of the appellant company, was engaged in the agricultural implement business in the corporate limits of the town; that the town of Windfall bought and used over $750.00 worth of brick and tile made by appellant; that there was a company organized for the purpose of building a canning factory on the territory to be annexed; a part of the material is bought and on the ground, and they are at work at it now."

J. H. Zaner, a witness for appellees, was allowed, over appellant's objection, to testify as to the number of children who attended the schools in the town, where they resided, and the number residing in the town, the number residing in the territory sought to be annexed, and elsewhere.

It is assigned as a cause for a new trial that the court erred in admitting this evidence.

It was proper, under the issues in this case, to give evidence concerning the location of appellant's factory with reference to the corporate limits of the town, its size and capacity; where its office was kept, whether in

town or at the factory ; whether the town was a market for any part of its product, and to what extent, if any, the appellant and its customers used the streets of the town in the delivery of its products and the transaction of its business. The number of hotels, banks, elevators, mills, the different kinds and amount of business carried on in the town or in the territory sought to be annexed ; the number and kind, capacity and location of manufacturing establishments, whether in operation or in process of construction; the number of children, who attend the schools, the number who reside in town and the number who reside in the territory to be annexed or elsewhere. Any evidence was proper which tended to show the location of the town, its improvement, advantages and surroundings, its institutions, its advantage as a trading point, its railroad and gravel road facilities, the various kind of industries and business carried on in the town and territory to be annexed, the business relations between the owners of the land in the territory to be annexed and the mutual benefits between the appellant and the town, and many other matters not necessary to mention.

The testimony to which objection is made was given while the witnesses were testifying in regard to matters which the jury had the right to consider. The extent to which parties in the examination of witnesses may go into the details of each subject under investigation, is largely in the discretion of the trial court, and we do not think such discretion was abused in this case.

It follows that there was no error in admitting the evidence to which objection was made.

Judgment affirmed.

Filed November 5, 1895.