## ERNSPERGER ET AL. v. CITY OF MISHAWAKA.

[No. 20,854.   Filed March 15, 1907.]

1. MUNICIPAL CORPORATIONS.—*Annexation of Territory.*—*Statutes.*—Under §3658 Burns 1901, §3195 R. S. 1881, cities have exclusive original jurisdiction of the annexation of contiguous platted lands. p. 255.

2. SAME.—*Annexation of Territory.*—*Boards of Commissioners.* —*Jurisdiction.*—Under §3659 Burns 1901, §3196 R. S. 1881, boards of commissioners have exclusive original jurisdiction over the annexation, by cities, of contiguous unplatted land. p. 255.

3. SAME.—*Annexation of Territory.*—*Boards of Commissioners.* —*Allegations.* — *Evidence.* — *Jurisdiction.* — Whether the land proposed for annexation is platted or unplatted is a jurisdictional fact in annexation proceedings, and such fact must be alleged and proved. p. 255.

4. JUDGMENT. — *Void.* — *Annexation of Territory.*—*Cities.*—An order of the city council for the annexation of unplatted land contiguous to such city, made without the consent of the owner of such land, is void for want of jurisdiction. p. 256.

5. WORDS AND PHRASES.—*"Platted."*—*"Unplatted."*—*Statutes.*— *Municipal Corporations.* — *Annexation.* — The word "platted," as used in §3658 Burns 1901, §3195 R. S. 1881, in contradistinction to "unplatted" as used in §3659 Burns 1901, §3196 R. S. 1881, both statutes providing for the annexation of lands to cities, has a technical meaning and imports a platting, acknowledged and recorded, for town purposes in accordance with §§4411, 4413 Burns 1901, §§3374, 3376 R. S. 1881, and only such platted land can be annexed by city councils. p. 256.

6. MUNICIPAL CORPORATIONS.—*Annexation of Territory.*—*Petitions.*—*How Granted.*—A petition by a city council, before the board of commissioners, for the annexation of platted and unplatted land, contiguous to such city, affirmatively shows a want of jurisdiction in such board, such board being without power to grant or refuse such petition in part. p. 257.

7. SAME.—*Annexation of Territory.*—*Boards of Commissioners.* —*Jurisdiction.*—*Appeal.*—Where the board of commissioners has no jurisdiction over a petition to annex territory to a city, the circuit court, on appeal, acquires none. p. 258.

8. SAME.—*Petitions to Annex Territory.*—*Allegation that Land was Platted.*—*Presumptions.*—Where a petition to annex lands

to a city alleges that such lands were "platted," but does not aver that the plat was recorded, the presumption does not arise that the plat was unrecorded, and, therefore, that such land was "unplatted" land within the meaning of §3659 Burns 1901, §3196 R. S. 1881, thereby giving the board of commissioners jurisdiction.   p. 258.

9.   MUNICIPAL CORPORATIONS.—*Petitions to Annex Territory.— Allegation that Land was Platted.—Description.*—A petition to annex certain lands to a city alleging that such lands were "platted," but describing same by metes and bounds, affirmatively shows that the board of commissioners has no jurisdiction over the question.   p. 258.

10.   TRIAL.—*Jurisdiction.—Arrest of Judgment.*—A motion in arrest of judgment should be sustained in a cause where judgment has been rendered without jurisdiction of the subject-matter.   p. 258.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Annexation proceeding by the City of Mishawaka, against which William Ernsperger and others remonstrate.   From an order granting the petition, remonstrants appeal.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Reversed.*

*Anderson, Du Shane & Crabill, Hastings & Woodward* and *John A. Hibberd,* for appellants.

*Archibald G. Graham* and *Joseph G. Orr,* for appellee.

HADLEY, J.—Appellee, on December 14, 1903, presented to the Board of Commissioners of the County of St. Joseph its petition praying for the annexation of certain territory, the opening and only averment on the subject in said petition being as follows:

"Your petitioners, the common council of the city of Mishawaka, State of Indiana, represent to your honorable body that the following territory which they desire annexed to said city is *platted and unplatted* and contiguous to said city, namely:"   [Then follows a description of lands, in three tracts, numbered one, two and three.]

Appellants timely appeared before the commissioners and filed remonstrances against the annexation, among other things denying each and every allegation contained in the petition. The remonstrators, having been defeated before the commissioners, appealed to the circuit court where a similar result was obtained before the jury. Appellants moved in arrest of judgment on the ground that the petition "does not show any cause of action, or any right to the annexation as prayed." The motion was overruled, and this action of the court is urged upon us as being erroneous.

The question presented is one of jurisdiction; appellants maintaining that the petition shows affirmatively that the board of commissioners has no jurisdiction of the subject-matter, by reason whereof the judgment appears without foundation to rest upon.

In annexing territory to the existing boundaries of cities in this State, if the territory is contiguous and has been platted into town lots, as prescribed by law, and the plat recorded in the recorder's office of the county, the city itself has the exclusive power to annex such platted ground, or to decline it, as its common council may determine. §3658 Burns 1901, §3195 R. S. 1881.

It is only in cases where the city desires to annex unplatted contiguous territory that county boards have any jurisdiction or authority to take cognizance of the subject. §3659 Burns 1901, §3196 R. S. 1881; *Forsythe* v. *City of Hammond* (1895), 142 Ind. 505, 30 L. R. A. 576; *Strosser* v. *City of Ft. Wayne* (1885), 100 Ind. 443; *City of Logansport* v. *LaRose* (1884), 99 Ind. 117.

Therefore, whether the land proposed for annexation is platted or unplatted is a jurisdictional fact, which, as held in *Chandler* v. *City of Kokomo* (1894), 137 Ind. 295, must not only be alleged but proved. See authorities cited at page 298. **Loeb** v. **Mathias** (1871), 37 Ind. 306.

An attempted annexation of unplatted territory by the city council, without the consent of the owner, is null and void for want of jurisdiction. *City of Indianapolis v. McAvoy* (1882), 86 Ind. 587; *Strosser v. City of Ft. Wayne, supra.* In the latter case it is said: "It was an attempt by one tribunal to exercise jurisdiction over a subject-matter of which another tribunal had exclusive jurisdiction. There was not simply a defect or irregularity in the proceedings, but there was an absolute want of jurisdiction of the subject-matter, for it was an attempt to exercise a jurisdiction given by statute to an entirely different tribunal. The law upon this subject is thus stated by Judge Cooley, who, in speaking of the power to legalize tax proceedings, says: 'One very precise limit to the power to cure these proceedings is this: They cannot be cured when there was a lack of jurisdiction to take them. This is a rule applicable to every species of legal proceedings.' "

The term "platted," as used in §3658, *supra,* of the annexation statutes in contradistinction to "unplatted" territory as used in §3659, *supra,* has a technical signification, and means legal plats, a platting for town purposes in accordance with the provisions of §§4411, 4413 Burns 1901, §§3374, 3376 R. S. 1881; and when employed in a petition for annexation will be presumed to be used in its statutory sense. *Forsythe v. City of Hammond, supra.* Land not contiguous to the city, but laid off in lots, is not platted land within the meaning of the statute. Neither is contiguous land that has been laid off in lots and the plat not acknowledged and recorded. In short, all adjoining lands that have not been subdivided into lots, streets and alleys, and the division executed in substantial compliance with §§4411, 4413, *supra,* should be described in an annexation proceeding as unplatted territory. These qualifying words are the chief means by which

the jurisdiction may be determined; that is, whether the proceedings should be lodged with the county board or with the common council of the city.

This case is very different from one where the proposed territory is characterized in a general or indefinite way, and which some of the cases hold may be strengthened by proof. There is no uncertainty in the language of the petition, no ground for explanatory proof. It is positively averred that the land is all contiguous to the city and that a part of it is platted and a part is unplatted, which, in a proceeding like this, is equivalent to averring that the common council of the city has jurisdiction in part and the county board in part. The statute makes no provision for joint jurisdiction of the board and council, and no such thing can be recognized. Moreover it has been held that the board of commissioners has no power to grant the city's petition in part and refuse it in part; that it must refuse or grant it as a whole. *City of Peru* v. *Bearss* (1877), 55 Ind. 576, 582; *Mullikin* v. *City of Bloomington* (1880), 72 Ind. 161, 165; *Windman* v. *City of Vincennes* (1877), 58 Ind. 480; *Taylor* v. *City of Ft. Wayne* (1874), 47 Ind. 274. In the case of *City of Peru* v. *Bearss, supra,* it is said: "The board of commissioners is not authorized by law to grant a part, and deny a part, of the city's petition. * * * If the legislature had intended that the board of commissioners should have the power to grant the prayer of the city's petition, in part, in such manner as to authorize the board to annex to the city such part only of the territory described in the petition, as to the board might seem right and proper, and to deny the prayer of the petition as to the residue of such territory, then the language of the statute would have been very different from what it is now."

The circuit court on appeal tried the case *de novo,* as an original cause, but with the same limitation of power

as rested upon the board of commissioners. §§4224, 4226 Burns 1901, §§3243, 3245 R. S. 1881; *Paul v. Town of Walkerton* (1898), 150 Ind. 565.

We cannot approve the argument that because there appears in the petition of the city no averment that the plats were recorded the court will presume they were not recorded, and that the lands described as platted and contiguous were unrecorded plats, and therefore in a legal sense unplatted territory. No presumption can arise to break down a consistent, uncontradicted, positive statement of fact. Besides, it would be doing violence to a fundamental rule of pleading to permit the petitioner to allege one thing and prove another.

The describing of the territory to be annexed by metes and bounds, as it appears in the petition, is not equivalent to an allegation that the lands were all unplatted. It is, perhaps, usual, in describing unplatted lands in such cases to set them out by metes and bounds, but we do not think that such a description is so inconsistent with a part of the land's being platted as to overcome the positive averment that a part of it was platted. We therefore think that the petition shows affirmatively that the board of commissioners had no jurisdiction of the subject-matter of the petition, and that the motion in arrest should have been sustained. There are many other exceptions presented, chiefly arising on the admission of evidence, a number of which, at least, are worthy of consideration, but, assuming that they will not arise again upon a retrial, we have not taken them up.

Judgment reversed, with instructions to sustain the motion in arrest of judgment.