CITY OF FORT WAYNE *v.* BOARD OF TRUSTEES OF NEW HAVEN.

[No. 169A17. Filed December 29, 1971.
Transfer denied April 23, 1972, with opinion.]

*James Robert Arnold,* City Attorney, *Robert E. Meyers,* Associate City Attorney, *Newkirk, Keane & Kowalczyk,* all of Fort Wayne, for appellant.

*Arthur H. Fruechtenicht, Leigh L. Hunt,* of Fort Wayne, for appellees.

WHITE, J.—On January 5, 1951, the Board of Trustees of the Town of New Haven (now City of New Haven) petitioned the Board of Commissioners of Allen County for annexation of a large rectangular area extending westward from the west boundary of New Haven to the east boundary of Fort Wayne, a distance of approximately three miles. After motions to dis-

miss had been overruled and a hearing held, the Commissioners granted the petition on May 9, 1951, one Commissioner dissenting. The City of Fort Wayne appealed to the Allen Circuit Court.

## I.

### SUMMARY JUDGMENT.

On December 5, 1968, the trial court granted New Haven's motion for summary judgment and dismissed the appeal. The Circuit Judge stated his reason as follows:

> "And, the Court now finds that no genuine issue on any controlling or material facts, or on any controlling questions of law exist; and the Court further finds the City of Fort Wayne has not been the owner of any portion of the territory proposed to be annexed at any time material herein; and the City of Fort Wayne has not otherwise shown itself so aggrieved by the decision herein of the Board of Commissioners of the County of Allen as to be entitled to appeal from such decision to this Court, and the purported appeal of the City of Fort Wayne should be dismissed.
>
> "The Court further finds against the City of Fort Wayne and for the City of New Haven, on each and all specifications and allegations of the Motion for Summary Judgment filed by the City of New Haven and that the summary judgment therein prayed for should be granted."

The Circuit Court's finding that the City of Fort Wayne was without sufficient interest to entitle it to appeal the annexation ordinance is based, in part, on the following affidavits, the first being the affidavit of the Township Assessor filed in support of the motion for summary judgment, and the second being the affidavit of the Mayor of Fort Wayne, an affidavit of interest in support of the appeal pursuant to Ind. Ann. Stat. § 26-901 (Burns 1970) :[1]

---

1. That statute, enacted as 1 R. S. 1852, ch. 20, § 1, now IC 1971 17-1-14-24, reads as follows:

"From all decisions of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved; but if such person shall not be a party to the proceeding such appeal shall not be allowed, unless he shall file in the office of the county auditor his affidavit setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

"ROBERT HENRY, being first duly sworn upon his oath, did depose and say that he is now and since January 1, 1963 has been the duly elected, qualified and acting Assessor of Adams Township, Allen County, Indiana; that as such Adams Township Assessor, he has custody of the assessment records of said Township.

"Affiant further says that he has made a careful check of the assessment records of said Adams Township, and that as shown by the assessment records of said Adams Township, in 1950 and 1951, the City of Fort Wayne owned no real estate included in the area annexed to the Town of New Haven, by the Order of the Board of Commissioners of Allen County, Indiana, made and entered on the 9th day of May, 1951, and set out more specifically in said Order, a copy of which Order is attached hereto and made a part hereof and marked Exhibit 'A'.

"HENRY E. BRANNING, JR., being first duly sworn upon his oath says that he is the duly elected, qualified and acting Mayor of the CITY OF FORT WAYNE and as such Mayor is duly authorized to make and does make this affidavit for and on behalf of the City of Fort Wayne; that said City of Fort Wayne is a municipal corporation in the State of Indiana and has an interest in the above entitled matter and is aggrieved by the decision of the Board of Commissioners of the County of Allen, State of Indiana on May 9, 1951 granting the petition of the Board of Trustees of the Town of New Haven for the annexation of the territory described in the petition and order herein; that the nature and interest of said City of Fort Wayne is as follows: that at the time of the commencement of this proceedings, ever since and at the present time the real estate described in the petition for annexation is contiguous to and is necessary for the purposes of the City of Fort Wayne and said property sought to be annexed is not contiguous to the Town of New Haven and that the said City of Fort Wayne now has a substantial investment in the area sought to be annexed in water mains, sewers, fire hydrants and equipment, police alarms and street improvements and that the annexation of said territory by the Town of New Haven would result in great and irreparable damage to the City of Fort Wayne and the taxpayers and citizens thereof for which there is no adequate remedy at law."

Also before the court at that time was the transcript of the proceeding before the board of commissioners filed by the

county auditor pursuant to Ind. Ann. Stat. § 26-903 (Burns 1970), IC 1971, 17-1-14-26. Included in that transcript as an exhibit to New Haven's annexation petition is a map of the area proposed to be annexed, as follows:

The court also apparently had before it a transcription of the testimony before the board of commissioners which was attached to New Haven's motion for summary judgment. It consists of 940 pages summarized in fifteen pages of appellant's brief. Included there is testimony of Homer A. Kerby, Chief Engineer of Fort Wayne City Utilities, who testified as to the utility property of the city located in the area New Haven sought to annex, e.g., water mains, fire plugs, and sewers. There was also an affidavit of Mr. Kerby to the same effect filed with Fort Wayne's response to New Haven's motion. Also the affidavit of J. H. Hinman, Chief Electrical Engineer of Fort Wayne City Utilities as to poles, wires, meters, street lights, and transformers belonging to Fort Wayne and installed in the area. Also the affidavit of R. L. Bonar, chief sewer engineer, as to Fort Wayne's sewers in the area.

At the very least, there was a genuine issue of material fact as to whether the City of Fort Wayne had sufficient interest and sufficient aggrievement to permit it to appeal. Therefore, the trial court committed error in sustaining the motion for summary judgment and in dismissing the "appeal". The judgment must be reversed and the cause remanded.

On remand the court will be faced with many procedural and substantive problems some of which have been discussed in the briefs and oral argument.

## II.

## TRIAL DE NOVO

Relying on some early cases, Fort Wayne has contended that all the issues of fact which were issues before the board of commissioners were again issues of fact before the circuit court. In *Board of County Commissioners* v. *Sims* (1969), 252 Ind. 531, 251 N. E. 2d 9, 13, 18 Ind. Dec. 545, 551, the

"appeal" was under a different statute[2] but we believe the following excerpt from what was there said is applicable here:

"Under this statute[3] the County Commissioners are the ones to make the determination of the facts as to whether the necessary determinants have been proved sufficient for incorporation. The trial court to which the administrative appeal is taken from the County Commissioners has no power to make a redetermination of the facts and weigh the evidence. It has long been the law in Indiana and scarcely needs citation that in administrative appeals, where the legislature has created a fact-finding body, a court may not overturn the facts if there is substantial evidence to support the findings of the administrative body. Even though the statute may say that such an appeal shall be "de novo", we have held that it cannot be in the true sense an appeal, but only a review to determine whether there are substantial facts to support the finding of the administrative body under the statute in the case before us."

## III.

## BOARD OF COMMISSIONERS' JURISDICTION TO ANNEX THIS TERRITORY

The statutes under which the Town of New Haven and the Board of Commissioners of the County of Allen proceeded in 1951 to annex the territory in question was an anachronism even then. Although it was enacted in 1909 it was merely a reenactment of what had been the law since 1852. From that time until 1905 the same procedure and plan existed with regard to the enlargement of the boundaries of both cities and

2. Ind. Ann. Stat. §§ 48-4501—4509 (Burns 1963), Ind. Acts. 1933, Ch. 245, §§ 1-9, now IC 1971, 18-5-17 §§ 1-9. By its terms that act is applicable only to appeals from city councils and boards (§ 1) and boards of trustees of towns. However, by the provisions of Ind. Ann. Stat. § 48-110 (Burns 1963), since repealed, it was made the statute for appeals from county commissioners orders incorporating towns. Acts 1969, Ch. 252, which repealed it, reenacted the same provision in its § 209, IC 1971, 18-3-1-11, Ind. Ann. Stat. § 48-139, Burns 1971.

3. Ind. Ann. Stat. § 48-109 (Burns 1963) now replaced by Ind. Ann. Stat. § 48-138 (Burns 1971), IC 1971, 18-3-1-10.

towns, although both were not included in the same statute.[4] Simply stated, the plan was that contiguous territory which had been laid off into lots and the plats thereof recorded could be annexed by ordinance adopted by the board of trustees of the town or common council of the city. In 1905 there was a comprehensive codification, or recodification, of virtually all of the statutes concerning all aspects of city and town government, including incorporation, dissolution, duties and powers of officers and governing bodies, elections, prosecutions under ordinances, taxes, finances, classifications, condemnations, improvements, utilities, parks, safety, pensions, health, uniting cities and towns, annexations by cities, and a myriad of provisions appearing on cursory examination to cover the entire field of city and town law. The title was simply "An act concerning municipal corporations". It became Chapter 129 of the Acts of 1905.

Among the changes it made in the law, was the adoption of a new scheme or plan for annexation. The power of common councils of cities to annex by ordinance was no longer limited to recorded plats of lots adjoining the city. Now the council could annex contiguous territory whether platted or not and even if it lay within the boundaries of another city or town.[5] If, and only if, the territory annexed was unplatted ground or was in the corporate limits of another city or town, an appeal could be taken to the circuit or superior court by anyone living in the annexed territory.[6] Although many changes have been made (particularly with respect to "determinants") in annex action powers and pro-

4. Cities: Rev. Stat. 1881 §§ 3195, 3196, 3197. Towns: Id. §§ 3388, 3389, 3390.

5. Acts 1905, Ch. 129, § 242, repealed and replaced by Acts 1969, Ch. 239, effective January 1, 1970. Prior to repeal this section was Ind. Ann. Stat. § 48-701 (Burns 1963). It is now replaced by Acts 1969, Ch. 239, §§ 401, 402, and 403, now IC 1971, 18-5-10-19, 20, and 21, being also Ind. Ann. Stat. §§ 48-716, 717, and 718 (Burns 1971).

6. Acts 1905, Ch. 129, § 243, repealed and replaced by Acts 1969, Ch. 239, effective January 1, 1970. Prior to repeal this section was Ind. Ann. Stat. § 48-702 (Burns 1963). It is now replaced by Acts 1969, Ch. 239, §§ 406, 407, and 408, now IC 1971, 18-5-10-24, 25, and 26, being also Ind. Ann. Stat. §§ 48-721, 722, and 723.

cedures since that time, this is still the basic plan or scheme: 1) annexation by ordinance of the municipal governing body followed, at the option of dissatisfied residents of the annexed area, by 2) circuit or superior court review. This plan involves some basic departures from the pre-1905 plan: 1) The recording of an addition adjoining the municipality is no longer tantamount to consent to "annexation"[7]; 2) The board of county commissioners is no longer a tribunal in which remonstrating residents may voice their objections and seek protection from unfair and/or illegal municipal expansion of legal boundaries. It has been replaced by the circuit or superior court which has been given much more explicit guidelines by which to judge the legality of the annexation.

Of the changes wrought by the 1905 recodification, perhaps the most significant to this case are the changes with respect to plats of "additions" to the municipality and of plats of lots within four miles of the corporate limits of cities of the first and second classes. The sections which made those changes are:

"Sec. 247. Whenever a plat is made of any lots or lands as *an addition to any city or town,* or as a subdivision of any lots or lands within such city or town, such plat shall be submitted for approval of the board of public works, in the city of the first, second, third or fourth class, the common council in any city of the fifth class, or the board of trustees in any town, as the case may be, before the same is offered for record in the recorder's office. Such board of public works, common council or board of trustees, after examination duly made, shall approve or disapprove such plat. Such board, common council or board of trustees may require the streets and alleys, therein shown, to be as wide as, and to be coterminous with, the streets and alleys of that part of the city or town to which it adjoins. The county recorder is prohibited from recording any such city or town plat unless the same shall have attached thereto

7. "If the land is platted, and the plat is recorded by the owner, the law implies a consent and agreement on his part that the land may be taken into the city." *Forsythe* v. *City of Hammond* (1895), 142 Ind. 505, 508, 40 N. E. 267, 30 L. R. A. 576. The owners of platted lands now have the same right to remonstrate as do the owners of unplatted lands.

a certificate in due form showing such approval. For any violation of this section any county recorder shall, on conviction, be fined not more than three dollars; and the record of any plat not executed and approved as herein required shall be null and void." (Emphasis added).[8]

"Sec. 93. The board of public works shall have power:

\* \* \*

"Fourth: To approve *the platting of all streets and alleys* in any addition to such city, or within the corporate limits thereof or in any subdivision therein; and in cities of the first and second classes *within four miles of the corporate limits* thereof, and to provide regulations governing such platting; to require such streets and alleys to be not less in width, and to be coterminous with adjoining streets and alleys. *No plat shall be entitled to record* in the recorder's office in the county in which such city is located *without* such written approval indorsed thereon. (Emphasis added.)[9]

\* \* \* "

The City of Fort Wayne was then, and still is, a city of the second class. From the effective date of the 1905 act[10] until New Haven's petition to annex was filed with the Allen County Commissioners, at least eight of the subdivisions shown on petitioner's map were recorded.[11] Five of those eight bear the approval of the Fort Wayne Board of Public Works as required by the 1905 statute. One of these was recorded in 1926 and also bears the approval of Fort Wayne's City Plan Commission as required by Ind. Acts 1921, Ch. 209, p. 565. An-

8. Ind. Ann. Stat. § 48-802 (Burns 1963) repealed and replaced by Ind. Acts 1969, Ch. 239. This section was unamended during its life of sixty-four years. Its replacement, Ind. Acts 1969, Ch. 239, § 502, IC 1971, 18-5-10-34, Ind. Ann. Stat. § 48-802 (Burns 1971) makes only insignificant changes in wording.

9. Ind. Ann. Stat. § 48-1902 (Burns 1971), IC 1971, 18-1-6-15. While this section has been many times amended, this "Fourth" clause has sustained only very insignificant changes in words, spelling and punctuation.

10. April 15, 1905. See table of effective dates in any volume of Ind. Ann. Stat. (Burns). The act contains no emergency clause.

11. All of the territory which New Haven sought to annex is, and was then, within four miles of the eastern limit of the City of Fort Wayne.

other recorded in 1946 bears such approval as then required by Ind. Acts 1935, Ch. 268, § 8.[12]

Returning now to the 1905 Act[13] which we have hereinbefore called a comprehensive codification of *virtually* all the statutory law of cities and towns, we take note of one omission which necessitates the qualification, "virtually". No provision was made therein for towns to annex territory. Without knowing, we assume the omission was an oversight. At any rate section 272 of the act[13] provided:

> "All former laws within the purview of this act except laws not inconsistent herewith and enacted at the present session of the general assembly, are hereby repealed; . . ."

That may well have repealed the town annexation statutes of 1852 and 1857[14] which had apparently persisted until 1905 as well as city annexation statutes of 1867.[15] At any rate the 1909 General Assembly felt some necessity for reinstating the old annexation provisions for towns. Thus, we find in 1951 the Town of New Haven, lying approximately three miles east of the city of Fort Wayne petitioning the Allen County Commissioners to extend its western boundary the full distance west to the eastern boundary of Fort Wayne. The petition was filed pursuant to Ind. Acts 1909, Ch. 183, § 2, which reads:

> "When any town shall desire to annex *contiguous territory* thereto *not platted or recorded,* the trustees thereof shall present to the board of county commissioners a petition

---

12. Repealed by Ind. Acts 1947, Ch. 174, § 94. The 1947 act contains similar provisions. See Ind. Ann. Stat. § 53-745, *et seq.* (Burns 1964) and other sections therein referred to. Some of the language of the 1935 section cited is of significant interest. It reads in part: "The territorial *jurisdiction of any city plan commission* over the subdivision of land shall include all land located in the city and *all land lying within five miles of the corporate limits of the city* and *not located in any other city. . . ."*
13. Ind. Acts 1905, Ch. 129.
14. See Rev. Stat. 1881, §§ 3388 (1857), 3389 and 3390 (1852).
15. See Rev. Stat. 1881, §§ 3195, 3196 and 3197.

setting forth the reason for such annexation, and shall accompany the same with a map or plat accurately describing, by metes and bounds, the territory proposed to be attached; which shall be verified by affidavit. Such trustees shall give thirty days' notice, by publication in a newspaper printed in such town, if any; otherwise in the county, or, if none, then by posting up such notice in five or more public places within the corporation. A copy of such notice shall be served on the owner or owners of such territory, if known and residents of the county." (Emphasis added.)[16]

Of an attempted annexation by a city under the pre-1905 law, specifically R.S. 1881 §§ 3196 and 3197, which is almost identical to the 1909 statutes under which New Haven sought to annex, the court said in *Chandler* v. *City of Kokomo* (1893), 137 Ind. 295, 298, 36 N. E. 847:

"The only feature in which the jurisdiction of the common council and that of the board of commissioners were distinguished, was in the one fact as to whether the lands to be annexed were platted or unplatted. R.S. 1881, sections 3195, 3196.

"This fact was clearly a jurisdictional fact, and it was, as such, not only necessary to be alleged, but also to be proven. [Authorities omitted.]

"The general denial and a special remonstrance were filed before the board, and required proof of every issuable fact. [Authorities omitted.]

"In view of these rules, we have no basis upon which to found a presumption in favor of the jurisdictional fact. The default of others would omit nothing as to the appellants."

Judgment conferring annexation by the board of commissioners was reversed because the evidence failed to prove that the territory was unplatted.

In *Ernsperger* v. *City of Mishawaka* (1906), 168 Ind. 253, 257, 80 N. E. 543, it was held that the board of commissioners

---

16. This statute was specifically repealed by Ind. Acts. 1959, Ch. 240, § 17. Sections 12, 13, 14 and 15 of that act replaced the quoted statute. The 1959 sections were in turn repealed by Ind. Acts 1969, Ch. 239, § 8, effective January 1, 1970. Sections 411, 412, and 413 of the 1969 Act, IC 1971, 18-5-10-29, 30 and 31, Ind. Ann. Stat. §§ 48-726, 727, and 728 have replaced them.

had no jurisdiction because the petition filed with the board by the city

> "positively averred that the land is all contiguous to the city and that a part of it is platted and a part is unplatted, which, in a proceeding like this, is equivalent to averring that the common council of the city has jurisdiction in part and the county board in part. The statute makes no provision for joint jurisdiction of the board and council, and no such thing can be recognized. Moreover it has been held that the board of commissioners has no power to grant the city's petition in part and refuse it in part; that it must refuse or grant it as a whole. [Authorities omitted.]"

That case also stated that the term " 'platted' . . . has a technical signification, and means legal plats . . . ." citing *Forsythe* v. *City of Hammond* (1895), 142 Ind. 505, 40 N. E. 267, 30 L. R. A. 576. *Ernsperger* then made this very misleading statement: "Land not contiguous to the city, but laid off in lots, is not platted land within the meaning of the statute." (168 Ind. at 256). By reference to the *Forsythe* case, however, we learn that in those days only plats of adjacent, abutting, or contiguous territory could be legally recorded. *Forsythe* (142 Ind. at 510) said:

> "But are such subdivisions of land, as are here referred to, legal plats, or plats, such as are contemplated in the statutes? We do not think so. A plat of a town or city, or a plat of land adjoining a town or city, may be acknowledged and recorded, in the same manner as a deed. (Sections 4411 and 4413, R.S. 1894; sections 3374 and 3376, R.S. 1881). It is such 'lots laid out and platted, adjoining such city,' that are contemplated in annexation proceedings, and referred to in sections 3658, 3659, R.S. 1894 (sections 3195, 3196, R.S. 1881). There is no provision for placing any other plats on record; and the recording of any other lots or plats of lots, would be a nullity. *Taylor* v. *City of Ft. Wayne*, 47 Ind. 274.
>
> "The fact, therefore, that certain parts of the territory proposed to be annexed to the appellee city in this proceeding, are said to be platted lots, not contiguous to the city, can have no bearing on the result . . . .
>   \*   \*   \*

"The evidence also shows that the lands were in fact un-
platted. It is only on the map filed that we notice on a part
of the territory not contiguous to the city, the outlines of
platted lands; but there is no evidence of any attempt at
placing such plats on record. These tracts are entitled on
the map as subdivisions of parts of certain named sections
of land, according to the United States surveys. The prin-
cipal of these divisions is styled, "Roby and Shedd's Addi-
tion to Chicago in Indiana." It is hardly necessary to say
that there cannot be a legal addition to Chicago in Indiana;
and that none of these subdivisions are platted lots as
contemplated in our statutes. *Taylor* v. *City of Ft. Wayne,
supra*.[17]"

The distinction between "platted" and "unplatted" lands
which existed in the 1850s was quite substantially and signifi-
cantly altered by the 1905 Act[18] which gave the boards of
public works of cities of the first and second class jurisdiction
of platting within four miles of the city limits. This certainly
validated plats of non-contiguous subdivisions recorded there-
after with such written approval endorsed thereon. Such plats
were then certainly legal plats (if they met other recordation
requirements) and after the effective date of the 1905 act it
was no longer correct to say that "[l]and not contiguous to
the city, but laid off in lots, is not platted land . . . .", if the
plat thereof had been duly recorded in conformity with the
provisions of the 1905 act.

In the absence of language expressing an unmistakable in-
tent to confer jurisdiction on the board of county commis-
sioners to annex to towns on the periphery of much larger
cities territory of an urban character contiguous to the city
we cannot believe that such was the intent of the Legislature
in 1909. Therefore, we will not ascribe to the reenactment
of the ancient statute authorizing annexation of "contiguous
territory thereto not platted or recorded" an intent to use those
words in their 1905 sense, inconsistent with the subdivision

---

17.   47 Ind. 274. That case involved "out lots" for which there was
no authority to record a plat and an attempted recording was a nullity.
18.   Ind. Acts 1905, Ch. 129.

control given to cities by the 1905 act. We will not presume what the plain and ordinary language used renders so unplausible. We consider it highly unlikely that four years after cities had been given the power to approve and make non-contiguous plats recordable, the Legislature would believe that such duly recorded plats in an area did not change the character of the territory from "territory . . . *not* platted and recorded" to "territory platted and recorded" in part.

On the other hand the rules we quoted in *Bradford* v. *City of Columbus* (1948), 118 Ind. App. 408, 412, 78 N. E. 2d 457, less than three years before this annexation was attempted have lost none of their force in the two decades this matter has pended. There we said:

> "In 43 C.J. 112, § 66, it is stated: 'A board or body other than the legislature may exercise powers with respect to the annexation of territory *only when such powers are vested in it by the legislature, and then only to the extent of the powers expressly granted by the legislature;* a municipality or its corporate authorities can in no case annex territory without authority conferred by statute or constitutional provision'. (Our emphasis.)

> "In 27 Am. Jur. 640, § 24, the rule is stated as follows: 'A municipal corporation or its corporate authorities have no power to extend its boundaries otherwise than provided for by legislative enactment or constitutional provision. Such power may be validly delegated to municipal corporations by the legislature, and when so conferred *must be exercised in strict accord with the statute conferring* it'." (Our emphasis.)

Nor is there any reason to question the modern validity of the statements in *Chandler* v. *City of Kokomo, supra* (137 Ind. at 298) to the effect that the features or facts which determine whether an annexation is to be made by the municipality's governing body (there the city council, here the town board) or by the county's board of commissioners are jurisdictional facts. There the commissioners had jurisdiction to annex unplatted ground and the city council jurisdiction to annex platted lands. The juris-

dictional fact had to be proved. In *Ernsperger* v. *City of Mishawaka, supra* (168 Ind. at 257) neither the commissioners nor the council had jurisdiction to annex both platted and unplatted lands.

Under the 1909 statute the town board was given the power to annex platted contiguous lands; the county commissioners were granted power to annex unplatted lands; *no* official *body* was given any power to annex to any town any platted lands not contiguous to the town; and, as in *Ernsperger* the power given to the county board of commissioners did not include the power to annex the unplatted part of a territory petitioned for annexation which included both platted and unplatted land.

The Board of Commissioners of the County of Allen had no jurisdiction to grant the petition for annexation filed by the Town of New Haven.

Appellee makes no effort to support its assertion that there is no genuine issue as to the board's jurisdiction "because that jurisdiction was cast on the 'Board' by the Statute . . . ." Appellee does, on the other hand, attempt to support its assertion that if there is a question of jurisdiction the City of Fort Wayne has waived it by its failure "to object timely and at the first opportunity". Appellee relies on a quotation from *Board of Commissioners* v. *Sims* (1969), 252 Ind. 531, 251 N. E. 2d 9, 18 Ind. Dec. 545, which concerned a waiver by general appearance of an objection based on inadequacy of notice. While the word "jurisdiction" is never used in appellee's quotation, it is quite clear that if "jurisdiction" is involved in a complaint of inadequacy of notice or want of notice it is jurisdiction of the person, not jurisdiction of the subject matter. It is fundamental that the former can be waived while the latter cannot.[19] Want of jurisdiction of the subject matter, which is what is involved

---

19. *Tucker* v. *Sellers* (1892), 130 Ind. 514, 30 N. E. 531; *Board of County Commissioners* v. *Beaver* (1901), 156 Ind. 450, 60 N. E. 150.

here, can be raised at any stage of the proceedings and in any manner by either party or by the court *sua sponte*.[20]

The judgment of the trial court is reversed and the cause remanded with instructions to deny appellee's motion for summary judgment and for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

Hoffman, C. J., Sharp and Staton, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 38.

---

20. *McCoy* v. *Able* (1891), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Debs* v. *Dalton* (1893), 7 Ind. App. 84, 34 N. E. 236.